Marcella **HOGAN**, Appellant,

v.

**M. W. ROOP et ux., Appellees.**

No. 5273.

Court of Civil Appeals of Texas,
Waco.

Oct. 25, 1973.

Mahanay & Higgins, Robert M. Mahanay, Cleburne, for appellant.

Gean B. Turner, John R. MacLean, County Atty., Cleburne, for appellees.

HALL, Justice.

Appellees brought this action to have appellant's son adjudged to be dependent and neglected. They invoked the provisions of Article 2330, Vernon's Ann. Texas Civil Statutes, and alleged that the child "is dependent upon the public for support; is destitute, homeless, abandoned; [and] has no proper parental care or guardianship." Appellant answered with a general denial.

Appellees did not plead for custody or adoption, and the rights and fitness of the parties in those regards were not decided in this case.

Jury trial resulted in a finding that the child is dependent or neglected. The grounds upon which the jury was permitted by the court to base a finding of dependency or neglect were those pleaded by appellees. Judgment was rendered on the verdict adjudging the boy to be a dependent child and awarding his custody to The State Department of Public Welfare. Pending further orders of the court, it was decreed that the child be placed in appellees' home.

Following the close of the evidence, appellant's motion for an instructed verdict was overruled. In her single point of complaint, appellant asserts that the ruling was erroneous.

The pertinent evidence is without dispute in the record. It shows the following: Appellant is the natural mother of the boy. Mrs. Roop is appellant's older sister. Mr. Roop considers appellant to be "just like my own little sister." The relationship between appellant and appellees is very close, and during most of the time in question appellant leaned heavily on appellees for financial help and moral support. The child was born on February 6, 1967. Appellees' petition was filed on November 14, 1972. This trial was held on January 8, 1973. Appellant is not married to the father of the child. She and her present husband are separated. When the boy was seven days old, appellant delivered him to appellees and told them that she could not properly care for him. She took him back when he was one month old and kept him until he was six months of age. When he was two or three months old appellant told Mrs. Roop in a letter that "she was going to have to adopt [the child] out" and that she would give appellees "first chance to adopt him"; that "he kept her from getting the kind of job that she wanted, no one wanted to hire her because she had a small child, and he would always remind her of his daddy." When the boy was six months old, appellant delivered him to ap-

pellees because he was ill and she was working and could not give him proper care. Appellees have continuously kept and cared for the child since that time. They love him and treat him as their child. Appellant has contributed nothing to the child's support. However, solely because of appellees' provision, the child is not dependent upon the public for support, he is not destitute, or homeless, and he does receive proper parental care from them. Appellees are keeping the boy "at [appellant's] request and by her authority." They are caring for him for appellant and "to protect him", until they are satisfied that appellant "is mentally capable of taking care of him." Shortly before the filing of this suit appellees denied appellant custody of the boy and threatened her with physical harm if she attempted to take him.

Appellant's complaint raises a question of "no evidence". Its resolution requires that we view the record in the light most favorable to the verdict; and, if there is any evidence to support the jury's finding then the court's ruling on appellant's motion for a peremptory instruction was correct. White v. White, 141 Tex. 328, 172 S.W.2d 295, 296 (1943).

In Hendricks v. Curry, (Tex.Sup., 1966) 401 S.W.2d 796, 800–801, the court enunciated, inter alia, the following rules:

(1) A parent's consent to adoption can be withdrawn at any time before an adoption decree is entered.

(2) A parent's written consent to adoption and delivery of possession of the child to the proposed adoptive parents does not, per se, constitute "abandonment" within the meaning of article 2330.

(3) "Abandonment," as used in article 2330, means "a wilful act or course of conduct, [and implies] a conscious disregard or indifference to such child in respect to the parental obligation that the parent owes to such child."

(4) A child is not abandoned or deserted by its parent, within the meaning of the statute, where the parent consents to adoption and delivers possession of the child to the adoptive parents "for the purpose of better providing for the child's welfare."

(5) "The term 'parental care' as used in the statute is purely descriptive; it refers to the kind and quality of care which should be, and ordinarily is, provided by parents . . . 'Parental care' may be provided by persons who occupy a parental position in the life of a child, either permanently or temporarily."

(6) An adjudication that a child is dependent or neglected may not be based solely upon conditions which existed in the distant past but no longer exist.

An application of these rules to our record leads only to the conclusion that there is no probative evidence to support the finding that the child was dependent or neglected at the time of trial. Accordingly, appellant's point of error is sustained. The judgment of the trial court is reversed and judgment is here rendered that appellees take nothing by this suit. Costs of the trial and this appeal are assessed against appellees.

Reversed and rendered.