**In the Interest of S_____ H_____ et al.**

**No. 8779.**

Court of Civil Appeals of Texas, Amarillo.

March 14, 1977.

Sally Ray, Staff Counsel for Inmates, Texas Dept. of Corrections, Huntsville, for appellant.

Joe Smith, Dist. Atty., Seminole, for appellee.

ROBINSON, Justice.

In this appeal from an order terminating his parental rights in three minor children, the children's father contends that the trial court erred in overruling his special exceptions to the petition and in failing to file findings of facts and conclusions of law. Reversed and remanded.

Involuntary termination of parental rights rests upon Section 15.02 of the Family Code, Vernon's Ann.Tex.Stat. Subdivision (1) of that section lists several acts or omissions, one or more of which must be proved in a termination case. Subdivision (2) of the same section requires proof of a second element—that the termination is in the best interest of the child. The list in subdivision (1) may not be exclusive. Nevertheless, both elements must be established and the requirements of subdivision (1) are not excused because a court is of the opinion that subdivision (2) has been proved. *Wiley v. Spratlan*, 543 S.W.2d 349 (Tex.1976); *Holley v. Adams*, 544 S.W.2d 367 (Tex.1976).

The only language in the petition alleging grounds for termination follows verbatim:

"Petitioner alleges the termination of the parent-child relationship between the children and their natural parents would be in the best interest of the children for their personal physical and emotional well being."

Such language does not properly plead that the parent has done any act which is ground for involuntary termination under Section 15.02(1).

Section 11.08 of the Family Code provides that the petition in any suit affecting the parent-child relationship must include the statutory grounds on which the request is made. It is elementary that a petition must state the essential facts which constitute a cause of action. This is necessary to inform the defendant of what he is called upon to answer and enables him to prepare his defense. *Lewis v. Hatton*, 86 Tex. 533, 26 S.W. 50 (1894), Rules 45 and 47, Tex.R.Civ.P.

The petition before us did not allege the essential elements of a cause of action for termination as set out in our statute and reiterated by the Supreme Court and did not apprise the defendant father of the charges that he would be called upon to answer. The defendant father's exceptions to the petition on those grounds should have been sustained.

We conclude that the judgment of the trial court should be reversed. Since the cause will be remanded to the trial court, we will, for the purpose of the re-trial, consider defendant's contention that the trial court erred in failing to file findings of facts and conclusions of law upon proper request and five-day notice as provided by Rule 297 Tex.R.Civ.P. The record reveals no findings and conclusions filed by the trial court. However, the judgment of the court contains the following language:

"The Court finds that the natural parents of the child have:

1. Knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered the physical and emotional well-being of the children.

2. Engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical and emotional well-being of the children.

3. Knowingly failed to provide parental guidance and support for the children which endangers the physical and emotional well-being of the children.

The Court finds that termination would be in the best interest of the children."

In this connection we note that findings Nos. 1 and 2, each made in the alternative, are not positive findings that either one of the alternatives occurred. For example, the finding that the parents engaged in conduct *or* knowingly placed the children with persons who engaged in conduct which endangers the physical and emotional well-being of the children is not a finding that the parents engaged in conduct which endangered the children, nor is it a finding that they knowingly placed the child with persons who engaged in such conduct, nor is it a finding that both alternatives occurred.

Upon retrial and upon proper request, findings of fact and conclusions of law should be made in such a form as to allow the appealing party to know with certainty which facts the trial court found against it so as to properly present its case on appeal.

The judgment of the trial court is reversed and the cause remanded.