v.

The STATE of Texas, Appellee.

No. 15863.

Court of Civil Appeals of Texas, San Antonio, Texas.

July 20, 1977.

Dinah Denson Gaines, San Antonio, for appellant.

Ben Steinhauser, Asst. Criminal Dist. Atty., San Antonio, for appellee.

CADENA, Justice.

Appellant, a juvenile, appeals from an order of the juvenile court of Bexar County revoking probation previously granted him and committing him to the care, custody and control of the Texas Youth Council.

On August 24, 1976, the juvenile court entered judgment, based on a petition alleging that appellant had committed the offense of burglary, finding that appellant had engaged in delinquent conduct and committing him to the care, custody and control of his mother, under supervision of the Chief Juvenile Officer of Bexar County, for a period of one year, with provision for extension of the period of probation for additional one-year terms not extending beyond the date of his 18th birthday. The grant of probation was subject to several conditions, the first of which provided that appellant "not violate any of the laws of the United States, the State of Texas, or any political subdivision of the State of Texas."

On November 11, 1976, the State, as authorized by Tex. Family Code Ann. § 54.-05(d) (1975), filed a motion to modify the prior disposition, alleging that appellant had committed the offense of burglary on September 23, 1976. After a hearing, the juvenile court entered the order of which appellant complains. The order recites that the court finds that the evidence "is sufficient, beyond a reasonable doubt to support the allegations of the motion [to modify disposition] alleging [sic] that [appellant] did violate provision number one of the judgment entered on August 24, 1976 . . . ."

One of appellant's contentions is that the order appealed from does not comply with the requirement, embodied in § 54.05(i) of the Family Code, that an order modifying a prior disposition "shall specifically state

. . . [the] reasons for modifying the disposition . . . ."

Our attention has been called to no cases construing § 54.05(i). However, this section is, except for the presence of the word "modifying," identical to the language found in § 54.04(f) of the Family Code, which sets out the requirements of a disposition order. In *Matter of TRW*, 533 S.W.2d 139, 141 (Tex.Civ.App.–Dallas 1976, no writ), it was held that § 54.04(f), which requires a specific statement of the reasons for the disposition, makes it necessary that the modifying order contain a specific recital of the offense committed by the child. Cf. *In re J. R. C.*, 522 S.W.2d 579, 583 (Tex.Civ.App.—Texarkana 1975, writ ref'd n. r. e.), relating to the requirement, found in § 54.02(h) of the Family Code, that where a juvenile court "waives" its jurisdiction and certifies a child for trial as an adult, the order state specifically the reasons for the waiver.

■ The State here urges that since the challenged order refers to the first condition embodied in the judgment of August 24, 1976, and such original disposition order sets out fully the provision in question, there is no problem. We disagree. In *TRW, supra*, the disposition order was embodied in the same instrument which contained the adjudicatory finding that the child had engaged in delinquent conduct. The adjudicatory portion of the judgment specifically named the offense involved. Yet the Dallas Court of Civil Appeals said, "This statement of the offenses in an order of adjudication, even though combined in the same document with the order of disposition, does not constitute a specific statement of the reasons for disposition . . . ."

■ A statement to the effect that the court finds that the child has violated a reasonable and lawful order of the court does no more than track the statutory language of § 54.05(f). In *Matter of ANM*, 542 S.W.2d 916, 919 (Tex.Civ.App.—Dallas 1976, no writ), it was said that the use of the word *"specifically"* in § 54.04(f) "emphasizes that the legislature intended the

court to do more than merely track the statutory language."

We conclude that the order in this case does not comply with the requirements of § 54.05(i). But we do not agree with appellant's contention that this infirmity requires that the judgment below be reversed and the cause remanded for new trial.

In *ANM, supra*, the Court reversed the judgment because of the defect in the order and remanded the case for new trial. However, in that case, the Court of Civil Appeals also concluded that, under the facts and circumstances there present, the trial court had erred in failing to order a medical and psychiatric study of the child to assist in the determination of whether the child was responsible for its conduct, as required by § 55.05(b) of the Family Code.

In *J. R. C.*, supra, the Texarkana Court of Civil Appeals, without discussing possible alternative methods of dealing with the problem, reversed the judgment of the Juvenile court and remanded the cause for new trial.

The disposition in *TRW, supra*, is somewhat unusual. In the opinion the Court said: "Consequently we reverse the order of disposition and remand the disposition matter to the trial court with instructions to enter a proper order in accordance with this opinion. We leave to the trial court's discretion whether further evidence will be heard or a new disposition hearing required. The court may also decide whether to make the same or a different disposition. Regardless of whether the court decides to hear additional evidence, it is instructed to enter an order stating specifically the reasons for the disposition, and this order will be subject to further appeal and review by this court." 533 S.W.2d at 142.

According to Rule 434, Tex.R.Civ.P. (1975) when an order of a trial court is reversed by a Court of Civil Appeals, that Court "shall proceed to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained or the damage to be assessed or the matter to

be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial."

This provision appears to preclude the ·type of order entered in *TRW* which, while it purports to "reverse and remand", attempts to leave to the discretion of the trial court the question of whether a new trial shall be had. That is, the case was not "remanded for a new trial" nor did the appellate court "render such judgment or decree as the court below should have rendered". Nor is the judgment in *TRW* compatible with the authorization found in the second paragraph of Rule 434, for partial reversal and remand for a new trial.

■ We believe that the proper procedure to ·be followed in this case is that outlined in the last paragraph of Rule 434, which provides that if the erroneous action or failure to act of the trial court prevents "the proper presentation of a cause to the Court of Civil Appeals, and be such as may be corrected by the judge of the trial court, then the judgment shall not be reversed for such error, but the appellate court shall direct the said judge to correct the error, and thereafter the Court of Civil Appeals shall proceed as if such erroneous action or failure to act had not occurred."

In the absence of a specific statement of the reasons for modifying the prior disposition, we are unable to determine whether the record before us supports the action of the trial court. Under the authority granted by the third paragraph of Rule 434, we hereby direct the trial court to enter an order stating the reasons for its action, as required by § 54.05(i) of the Family Code, and transmit to this Court, on or before August 5, 1977, a properly authenticated copy of such corrected order, after which we shall proceed with the determination of this appeal.