Linda **JOHNSON, Appellant,**

v.

**JEFFERSON COUNTY CHILD WELFARE UNIT, Appellee.**

No. 8038.

Court of Civil Appeals of Texas, Beaumont.

Oct. 20, 1977.

Steven D. Ross, Beaumont, for appellant.

Paul N. Buchanan, Beaumont, for appellee.

KEITH, Justice.

The natural mother appeals from a judgment which terminated her parental rights to her six-year-old son while yet another order permitted her to have visitation privileges with him. The judgment was based upon two alleged facts of misconduct on the part of the mother which had occurred thirty-five months before the entry of the decree.[1] We reverse and remand.

Although not articulated by counsel for the appellee, the termination was predicated upon Tex. Family Code Ann. § 15.-02(1)(E) and the "best interest" provision found in § 15.02(2) (Supp.1977).

■ We first dispose of the best interest base of the judgment. Several of the employees of the appellee welfare unit testified that it would not be in the best interest of the child that the mother's right of visitation with her son be terminated. The parties presented a joint motion for allowance of visitation rights to the trial judge one day after the entry of the order terminating all of her parental rights. This instrument read in part:

"It appears to all the parties that it would now be in the best interest of Linda Johnson [appellant] and GABRIEL BARCLAY [the minor] if Linda Johnson were granted the right of reasonable visitation with the child. The agreement is evidenced by the signatures of all parties to this cause appearing at the bottom of this Motion."

We note that while the signatures mentioned were not of the parties but of counsel, the trial court accepted it as such and granted the mother reasonable visitation rights.

We are of the opinion that the trial court erred in terminating the mother's parental rights one day and entering an order the

---

1. The trial pleading contained this language:

   "Petitioner further alleges that Linda Johnson has engaged in the above grounds for termination of parental rights by reason of the existence of the following facts:

   "On or about the 17th day of May, 1974, in Jefferson County, Texas, Linda Johnson did then and there do bodily harm to GABRIEL LYNN BARCLAY by immersing him in scalding hot water.

   "Further, prior to May 7, 1974, Linda Johnson had embarked on a course of abusive behavior towards the child by hitting on the face with her fist."

   No other grounds were alleged in the pleading.

next day finding that it was to the best interest of the child that she have visitation rights. Under Tex. Family Code Ann. § 15.02(1)(E) (Supp.1977),[2] the moving party below labored under the burden of establishing the existence of the facts alleged by a preponderance of the evidence—*and* —that the involuntary termination of the parental rights "is in the best interest of the child." *Schiesser v. State*, 544 S.W.2d 373, 377 (Tex.1976); *Wiley v. Spratlan*, 543 S.W.2d 349, 351 (Tex.1976).

A court may not deny a parent access to his/her child unless it finds that the parental possession is not in the best interest of the child or would endanger the physical or emotional welfare of the child. Tex. Family Code Ann. § 14.03(c) (1975). Our record shows that on April 20, 1977, the trial court terminated the parental relationship under § 15.02(1)(E), and on April 21, 1977, granted the mother access to the child under § 14.03(c). Or, stating it differently, the court found it to be in the best interest of the child that his mother's parental rights be terminated, but the next day, found that it would be in his best interest that the mother be allowed to visit him. See and compare *Holley v. Adams*, 544 S.W.2d 367, 373 (Tex.1976), where the Court commented upon the fact that the father—the person seeking to terminate the mother's parental rights—testified that "it would not be in the best interest of the child that he never see his mother again." On the record which it reviewed, the Court held that there was no evidence "that termination of the parent-child relationship is in the best interest of the child."

In our view, the two findings, which stand unexplained and unrebutted in our record, are of such inconsistency as to be mutually destructive. Thus, there is no finding that it is in the best interest of the child that the parental rights of the mother

be terminated—an indispensable finding to a valid judgment of termination.

Moreover, we remain unenlightened as to the reason for the long delay in bringing the case to trial. As noted earlier, the sole incident forming the basis of the termination proceedings—the alleged hot water incident—occurred on May 17, 1974, yet the trial was not held until April, 1977.

In considering the prior statute, our Supreme Court in *Hendricks v. Curry*, 401 S.W.2d 796, 800 (Tex.1966), held:

"These provisions do not contemplate that an adjudication may be based solely upon conditions which existed in the distant past but no longer exist."

*Accord, Adams v. Herd*, 526 S.W.2d 295, 299 (Tex.Civ.App.—Waco 1975, no writ); *Hogan v. Roop*, 500 S.W.2d 936, 937 (Tex.Civ. App.—Waco 1973, no writ), decided under the present code.

It is apparent from our record that the mother and her child had been living with the grandmother during most, if not all, of the time between the incident forming the ostensible basis of the termination proceedings and the hearing. But, during this almost three-year period, there is no evidence of a repetition of the charged act or one of a similar nature.

The long delay incident to bringing the case to trial does not augur well for the result reached. Indeed, one of the welfare workers assigned to the case testified to another reason (not mentioned in the pleading) which motivated the trial. Upon being questioned as to "why should we terminate parental rights", the caseworker testified:

"Okay, well, the reason for it mostly would be that if something happened to Mrs. Barclay [grandmother], although her health is good and there are no problems in that area, if something were to happen, all of the parental rights would fall

---

**2.** § 15.02. Involuntary Termination of Parental Rights:

"A petition requesting termination of the parent-child relationship with respect to a parent who is not the petitioner may be granted if the court finds that:

(1) the parent has:

\* \* \* \* \* \*

(E) engaged in conduct . . . which endangers the physical or emotional well-being of the child; . . . ."

back to Linda [mother], to Mrs. Johnson and at this point I just don't think that would be good."

We decline to permit a rights termination judgment to rest, even in part, upon such testimony. See and compare *Holley v. Adams*, supra (544 S.W.2d at 373).

■ Having found reversible error, we do not find it either necessary or appropriate to discuss in detail the two charges brought against the mother as set out in footnote 1, supra. We note specifically that there was no evidence that the child was placed in scalding water, the record simply showing a difference of opinion as to whether the bath water was too warm. It is sufficient to state that from our review of the record as a whole, we do not find that the evidence supporting such allegation of misconduct on the part of the mother was factually sufficient to support the trial court's judgment terminating the parental rights of the mother.

In our review of this record, we have considered carefully the series of cases by our Supreme Court decided late in 1976, see, e. g., *Wiley v. Spratlan*, supra (543 S.W.2d 349); *Holley v. Adams*, supra (544 S.W.2d 367); and *Schiesser v. State*, supra (544 S.W.2d 373).

We invoke the rationale of this trio of cases and, in so doing, find reversible error. We could, as the Supreme Court has done in similar instances, sustain a no evidence point as to the parental termination plea; but, because of the unsatisfactory record which we review, we do not render the judgment in favor of the mother. Instead, we sustain appellant's points attacking the factual sufficiency of the evidence to support the findings upon which the judgment is based. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

The judgment is REVERSED and the cause is REMANDED.

CLAYTON, J., not participating.