**George W. MATTHEWS, Appellant,**

v.

**Jeraldean (Sayles) SIMMONS, Appellee.**

**No. 1191.**

Court of Civil Appeals of Texas, Tyler.

Sept. 27, 1979.

Myles H. Pennington, Grand Prairie, for appellant.

William H. Kugle, Melvin G. Bateman, Moore, Bateman & George, Athens, for appellee.

SUMMERS, Chief Justice.

This is an appeal from a judgment terminating the parent-child relationship between appellant, the natural father, and his 14-year old daughter, appointing appellee, the maternal aunt of the child, as managing conservator and appointing appellant and his present wife (stepmother) as possessory conservators of said child.

The appellee filed her petition to terminate said parent-child relationship on October 14, 1977. Appellee alleged, as grounds for terminating parental rights, that appellant committed four of the acts listed in Tex.Fam.Code Ann. sec. 15.02(1) (Supp. 1978), and in addition, further alleged that termination of the parent-child relationship would be in the best interests of the child, Tex.Fam.Code Ann. sec. 15.02(2) (Supp. 1978).[1] Both of these subsections must be proved to authorize a termination of the parent-child relationship. On February 14, 1978, a final hearing on the merits of the case was held before the court without a jury which resulted in a judgment on March 1, 1978, terminating the parent-child relationship between appellant and his daughter, the court basing its decision on sec. 15.02(1)(D) and (E) and the "best interest" provision of sec. 15.02(2) (Supp.1978). Furthermore, appellant and his present wife were granted possessory conservatorship of the child with the right to visit at reasonable times and places. It is from this judgment that appellant has appealed. We reverse and remand.

The record before us contains findings of fact and conclusions of law filed by the trial court. Under these circumstances, the reviewing court must look to the trial court's findings of fact and conclusions of law and to the judgment in order to determine the basis for the entry of the judgment. *Crapps v. Crapps*, 546 S.W.2d 909, 911 (Tex.Civ.App.—Austin 1977, no writ). The findings will be sustained if there is any evidence to support them. 4 McDonald, Texas Civil Practice, 16.10(b), p. 29 (1971); *Arnold v. Caprielian*, 437 S.W.2d 620, 625 (Tex.Civ.App.—Tyler 1969, writ ref'd n. r. e.). We will mention only those findings and conclusions that are pertinent to the rendition of this opinion.

Appellant's appeal is predicated upon forty-eight (48) points of error alleging that the trial court erred in ordering the termination of the parent-child relationship because (1) the proper burden of proof was not applied by the trial court, (2) the court could not simultaneously terminate parental rights and grant the parent visitation privileges, (3 through 6) the court "split custody" by terminating parental rights as to only one child of the household, (7 through 9) the findings of fact, conclusions of law, and findings in the judgment were entered in the alternative, (10) appellant's request for additional and amended findings of fact and conclusions of law was denied, and (11 through 48) the findings were supported by no evidence or insufficient evidence, such findings did not support a conclusion of law, nor did such findings prove the necessary elements for termination.

---

1. Sec. 15.02(1) provides that:

   "A petition requesting termination of the parent-child relationship with respect to a parent who is not the petitioner may be granted if the court finds that:
   (1) the parent has:

   .     .     .     .     .

   (B) voluntarily left the child alone or in the possession of another not the parent without expressing an intent to return, without providing for the adequate support of the child, and remained away for a period of at least three months; or

   .     .     .     .     .

   (D) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child; or
   (E) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child; or
   (F) failed to support the child in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition; . . .; and in addition, the court further finds that
   (2) termination is in the best interest of the child."

■ As this case involves the right of a child to the benefit of a home and environment which will most likely promote her best interest and the right of a parent to surround the child with proper influences, *Holley v. Adams*, 544 S.W.2d 367 (Tex. 1976); *Herrera v. Herrera*, 409 S.W.2d 395 (Tex.1966); *Legate v. Legate*, 87 Tex. 248, 28 S.W. 281 (1894), and as *Wiley v. Spratlan*, 543 S.W.2d 349 (Tex.1976), recognized the constitutional dimensions of these rights, this case must be strictly scrutinized.

■ We are of the opinion that the trial court, in its judgment, erred in terminating appellant's parental rights and then granting possessory conservatorship to appellant and his present wife. In an involuntary termination proceeding under the Texas Family Code, sec. 15.02, the moving party has the burden of establishing the acts alleged by a preponderance of the evidence, *Woodard v. Texas Department of Human Resources*, 573 S.W.2d 596, 598–99 (Tex.Civ. App.—Amarillo 1978, writ ref'd n. r. e.), and that such termination is "in the best interest of the child." *Schiesser v. State*, 544 S.W.2d 373, 377 (Tex.1976); *Wiley v. Spratlan*, supra at 351; *Johnson v. Jefferson County Child Welfare Unit*, 557 S.W.2d 569, 571 (Tex.Civ.App.—Beaumont 1977, no writ).

■ A court may not deny a parent access to his/her child without first finding that parental possession or access is not in the best interest of the child and that such possession or access would endanger the physical or emotional welfare of the child. Tex.Fam.Code Ann. sec. 14.03(c) (1975). Our record shows the court found that the child's best interest would be served by terminating the father's parental rights, and also found that it would be in the best interest of the child that the father and stepmother be allowed to visit her. In *Holley v. Adams*, supra at 373, the Court observed that the father—the person who brought suit to terminate the mother's parental rights—testified that "it would not be in the best interest of the child that he never see his mother again; that the best

interest of the child would be served by continuing to see his mother." The Court held there was no evidence "that termination of the parent-child relationship is in the best interest of the child."

These two findings in the judgment are not satisfactorily explained or rebutted in our record, and are of such inconsistency as to be mutually destructive. Thus, in the instant case, there is no finding that it is in the best interest of the child that appellant's parental rights be terminated—an essential finding to a valid judgment of termination. *Johnson v. Jefferson County Child Welfare Unit*, supra at 571. Appellant's second point of error is sustained.

Appellant complains by his seventh and ninth points of the action of the trial court in entering the judgment findings and conclusions of law in the alternative. We find merit in appellant's contentions.

■ Section 11.08 of the Family Code provides that the petition in any suit affecting the parent-child relationship must include the statutory grounds on which the request is made. A petition is a recital of facts which give rise to a cause of action. *De La Garza v. Ryals*, 239 S.W.2d 854, 856 (Tex.Civ.App.—Fort Worth 1951, writ ref'd n. r. e.). This is necessary to inform the defendant of what he is called upon to answer and enables him to prepare his defense. *Lewis v. Hatton*, 86 Tex. 533, 26 S.W. 50, 51 (1894); Rules 45 and 47, Tex.R. Civ.P. The appellee has complied with these requirements concerning her petition. Pleadings can be in the alternative, and a petition using the term "and/or" was not too indefinite to state a claim upon which relief could be granted. *Texas Van Lines v. Templeton*, 305 S.W.2d 646, 648 (Tex.Civ. App.—Dallas 1957, writ ref'd n. r. e.); *Albright v. Long*, 448 S.W.2d 564, 566 (Tex. Civ.App.—Amarillo 1969, no writ).

■ The record reveals that the findings in the judgment and in part of Conclusion of Law No. I are stated in the alternative; they are not positive findings that

either one of the alternatives occurred.[2] For example, findings in Conclusion of Law No. I that the appellant knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endangered the physical or emotional well-being of the child, and finding the same in the judgment is not a finding by the trial court that appellant placed the child in conditions or surroundings which endangered the child's physical or emotional well-being, nor is it a finding that appellant knowingly allowed the child to remain in such conditions or surroundings nor is it a finding that both alternatives occurred. See *In the Interest of S____ H____*, 548 S.W.2d 804, 806 (Tex.Civ.App.—Amarillo 1977, no writ).

As we view this record, we find reversible error in that the court in its judgment purported to terminate parental rights of the natural father and at the same time appointed said father and his present wife as possessory conservators. Furthermore, the judgment findings and conclusions of law are defective as set forth above.

In view of our disposition of points two, seven and nine, we do not find it necessary to address appellant's other points of error.

The judgment of the trial court is reversed and the cause is remanded.

---

**2.** Conclusion of Law No. I states in part:

"The respondent, GEORGE WILSON MATTHEWS, knowingly placed or knowingly allowed the minor child, MARY DEAN MATTHEWS, to remain in conditions or surroundings which endangered the physical or emotional well-being of the child. . . ."

The pertinent part of the judgment states: ". . . the Court finds that the respondent, GEORGE WILSON MATTHEWS has knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endangered the physical or emotional well-being of the child, and has engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered the physical or emotional well-being the child . . .."