W_____ H_____, Appellant,

v.

Marjorie S. MOORE, Supervisor for Social Service Unit 083, Texas Department of Human Resources, Appellee.

No. 20088.

Court of Civil Appeals of Texas, Dallas.

Oct. 29, 1979.

Richard A. Beacom, Jr., Greenville, for appellant.

Frederick C. Shelton, Jr., Greenville, for appellee.

Before AKIN, ROBERTSON and HUMPHREYS, JJ.

HUMPHREYS, Justice.

A mother appeals from an order terminating her parental rights to two children. The court based termination on findings,

under Tex.Fam.Code Ann. § 15.02(1)(D) and (E) (Vernon Supp.1978–79), that the mother knowingly placed *or* allowed the children to remain in dangerous surroundings, and engaged in conduct *or* left the children with others who engaged in conduct which endangered the children, and the findings under section 15.02(2) that termination was in the best interest of the children. The mother contends that because the court's findings as recited in the decree and also in the conclusions of law, which we consider findings of fact, are in the alternative, they are not specific findings as required by the code and that there is no evidence that the mother neglected, abused or allowed others to abuse her children. We agree with her first contention and, pursuant to Tex.R.Civ.P. 434, direct the trial judge to make specific findings under section 15.02(1)(D) and (E) so that we can determine the merits of the appeal.

The mother argues that the decree of termination makes no positive findings which allow the mother to know with certainty what facts the trial court found against her so she can properly respond on appeal. More specifically, she complains that the court's decree found that the mother had knowingly placed *or* knowingly allowed the children to remain in conditions or surroundings which endangered the physical and emotional well-being of the children, and had engaged in conduct *or* knowingly placed the children with persons who engaged in conduct which endangered the physical or emotional well-being of the children. She concludes, therefore, that she is unable to ascertain which of the alternative findings the court made. In support of this contention, she cites *In the Interest of S— H—,* 548 S.W.2d 804 (Tex.Civ.App.—Amarillo 1977, no writ) in which that court, after reversing on another ground, stated that findings in the alternative are not positive findings that either of the alternatives occurred.

The decree in that case was similar to the one before us in that the findings under section 15.02(1)(D) and (E) in the judgment were in the alternative. The court directed the trial court on remand to make findings and conclusions in a form "to allow the appealing party to know with certainty which facts the trial court found against it so as to properly present its case on appeal." 548 S.W.2d at 806. We agree with the Amarillo Court of Civil Appeals and hold that the alternative findings in the trial court's judgment are not positive findings as required by Tex.Fam.Code Ann. § 15.02.

Appellee argues that the alternative findings in the judgment are not error because after judgment the trial judge made findings of fact and conclusions of law pursuant to Tex.R.Civ.P. 296. We cannot agree because the conclusions of law based on section 15.02(1)(D) and (E), which are actually findings of fact, *McAshan v. Cavitt,* 149 Tex. 147, 229 S.W.2d 1016, 1020 (1950), are likewise in the alternative and are not a finding of either alternative. The judge did, in his findings under rule 296, make one finding from which an inference may be drawn as to the alternative the judge intended to find. The court found:

It is clear from the medical testimony that the children had been abused over the two week period leading up to the October 6, 1978, incident. It is clear also from the testimony that Ms. Houston had left the children in the care of her boyfriend Tommy Wayne Davis during this period while she was working. The record is clear that signs of abuse on the children were visible to Ms. Houston and she failed to take the minimum of care and precaution to protect her children.

We hold, however, that a finding from which it is necessary to draw an inference is insufficient and cannot cure the alternative findings in the order. Section 15.02 contemplates that the judge make clear and positive findings in the language of the statute before entering an order of termination.

We do not remand for a new trial because Tex.R.Civ.P. 434 allows this court to direct the trial court to correct errors if "the erroneous action or failure or refusal of the trial judge to act shall prevent the proper presentation of a cause to the Court of Civil

Appeals, and be such as may be corrected by the judge of said trial court . . . ." Here, we are unable to determine which of the alternative findings set forth in the judgment was the intended finding of the judge. Since the judge can correct this error, we direct him to enter specific findings under section 15.02(1)(D) and (E), based on the evidence before him at trial, and transmit these findings to this court on or before November 21, 1979. *See A— Y— v. State,* 554 S.W.2d 805, 807–08 (Tex.Civ. App.—San Antonio 1977, no writ).