v.

STATE of Texas, Appellee.

No. 20665.

Court of Civil Appeals of Texas, Dallas.

Feb. 10, 1981.

Robert W. Buchholz, Neil, Hartman, Buchholz & Associates, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Maridell Templeton, Asst. Dist. Atty., Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and ROBERTSON, JJ.

AKIN, Justice.

This is an appeal from a disposition of a juvenile, who was found to have engaged in delinquent conduct. After adjudication as a delinquent, the judge in the disposition hearing placed appellant on probation in custody of his aunt until he attained the

age of eighteen years. The juvenile appeals on two grounds. The first of these is that the judge erred in adjudicating him to be a delinquent in need of rehabilitation or that adjudication was necessary for the protection of the public or the juvenile, as required by Tex.Fam.Code Ann. § 54.04(c) (Vernon 1975). Appellant further asserts that there is no evidence to support such an adjudication and that any disposition under § 54.04(c) is error. The second ground asserted is that the judge failed to state in his order specifically his reasons for making a disposition as required by § 54.04(f).

■ The first ground is without merit because the judge in his order found that a disposition must be made for the protection of the public and to rehabilitate the appellant and that finding is supported by ample evidence of assaults upon both his mother and his step-father. We hold, however, that the order must be reversed on the second ground because the order does not set forth with specificity the reasons for the court's disposition as required by § 54.04(f). In the *Matter of A____ N____ M____*, 542 S.W.2d 916, 919 (Tex.Civ.App. —Dallas 1976, no writ).

■ We do not remand this cause for a new trial but instead remand to the trial court with instructions for the trial judge to render a proper disposition order specifically stating the reasons for such disposition, Tex.R.Civ.P. 434, and to file that corrected order with this Court, on or before February 27, 1981, so that we may determine the merits of this appeal. *A____ Y____ v. State of Texas*, 554 S.W.2d 805, 808 (Tex. Civ.App.—San Antonio 1977, no writ). In our decision to remand with instructions, we agree with the San Antonio Court of Civil Appeals in *A____ Y____ v. State of Texas, supra*, which held that where the trial judge failed to state his reasons for the disposition made, as required by § 54.04(f), the proper procedure is to reverse and remand the disposition matter to the trial court with instructions to enter a proper order. In that case, the court relied upon Tex.R.Civ.P. 434 for its holding. In so agreeing, we overrule our holding In the

*Matter of T____ R____ W____*, 533 S.W.2d 139, 142 (Tex.Civ.App.—Dallas 1976, no writ) insofar as we left to the discretion of the trial court whether to hear additional evidence or to render a different disposition, rather than render a proper order.