C.G.V.,* Appellant,

v.

## TEXAS DEPARTMENT OF HUMAN RESOURCES, Appellee.

### No. 09 83 202 CV.

Court of Appeals of Texas, Beaumont.

Dec. 1, 1983.

Rehearing Denied Nov. 11, 1984.

*As set forth in the *Tex.Fam.Code Ann. Section 11.19(d)* (Vernon 1975), the names of the mother and children have been deleted here and throughout this opinion.

Robert G. Brame, Staff Counsel for Inmate Huntsville, for appellant.

Gilbert Garcia, Asst. County Atty., Conroe, for appellee.

McNICHOLAS, Justice.

Appellant appeals from a trial court judgment which terminates her parental rights over her two minor sons, the father having signed a voluntary relinquishment. Appellant presents three points of error for review.

In her first point of error, appellant alleges that the judgment is fatally defective and therefore void because it fails to conform to the pleadings and granted termination of her parental rights on a theory not alleged in the petition.

Appellee, Texas Department of Human Resources, admits that the original petition and proof at trial were based on *Tex.Fam. Code Ann. Section 15.02(1)(E)* (Vernon Supp. 1982–1983) which allows a court to grant termination upon a finding that the parent has "engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child."

Additionally, appellee admits that the court awarded a judgment based upon *Section 15.02(1)(D)*, the court thereby awarded a judgment based upon a theory not set forth in the petition or proved at trial. *Section 15.02(1)(D)* allows a parent's rights to be terminated where the court finds the parent has "knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child."

■ Though appellant correctly cites *Tex.R.Civ.P. 301* (Vernon 1977) requiring the trial court judgment to conform to the pleadings and the proof, the rule in cases involving the custody of children is that technical rules of pleading and practice are not of controlling importance, the controlling factor is the best interest of the child. *In the Interest of J.D.H., a child,* No. 0982091 CV, (Tex.App.—Beaumont, Oct. 20, 1983, no writ) (not yet reported). *Poulter v. Poulter,* 565 S.W.2d 107 (Tex.Civ.App.—Tyler, 1978, no writ).

■ In this case, the pleadings and the proof adduced at trial support the trial court's decision to terminate appellant's parental rights. We find additional support for the decision in two of the courts findings of fact:

"d. [C.G.V.], cannot adequately care for the emotional and physical needs of the children; her parental abilities are reduced by a diminished mental capacity, and her frequent acts of criminal misconduct endanger the childrens' safety and well being.

"e. [C.G.V.] is now imprisoned. A voluntary, deliberate and conscious course of conduct was engaged in by the Respondent, [C.G.V.], in both violent criminal behavior and emotionally unstable mental behavior that would endanger the well-being of her children."

Clearly, the trial court was justified in terminating appellant's parental rights.

■ It is well settled that appellate courts must affirm the judgments of the trial court on any theory of law applicable to the case whether or not the trial court gives the correct legal reasoning for the judgment. *Ross v. Walsh,* 629 S.W.2d 823 (Tex.Civ.App.—Houston [14th Dist.] 1982, no writ).

■ Additionally, appellant complains of the portion of the Decree of Termination which states "Respondents have failed to support the children." Appellant alleges that the trial court had no basis to terminate her parental rights upon the ground of failure to support as there was no pleading or proof of nonsupport. We agree.

In order to conform the judgment to the pleadings and the proof, this court will exercise the power given it by *Tex.R.Civ.P. 434* (Vernon Supp.1983) and will modify the judgment of the trial court to recite *Section 15.02(1)(E)* as the sole basis for termination.

■ An appellate court has the power to modify a judgment when it appears from the face of the record that the modification is necessary and that the justice of the case requires it. *King v. Tubb,* 551 S.W.2d 436 (Tex.Civ.App.—Corpus Christi 1977, no writ).

In her second point of error, appellant complains that the judgment is fatally defective and therefore void because the trial court failed to make a positive finding of any statutory ground for termination.

Appellant argues that the court's findings must be clear and positive and that "alternative" findings are insufficient to support a termination. Appellant cites three cases to support her contentions; however, we believe these cases are distinguishable from the case at bar.

Two of the cases are *W.H. v. Moore,* 589 S.W.2d 830 (Tex.Civ.App.—Dallas) *aff'd* 591 S.W.2d 645 (Tex.Civ.App.—Dallas, 1979, no writ) and *Matthews v. Simmons,* 589 S.W.2d 156 (Tex.Civ.App.—Tyler 1979, no writ.) In these cases, the trial court's judgments recited both *Section 15.02(1)(D)* and *(1)(E)* thus precluding an appealing party from knowing which section the trial court relied on when ordering the termination. Both cases were remanded for specific findings of facts.

However, this is not the situation in the instant case. Here, we have the pleadings, proof and specific findings of fact based on *Section (1)(E)*. Despite the fact that the judgment erroneously recited the statutory language of *Section (1)(D)*, a party opposing the judgment, could determine with certainty the actual basis for the trial court's decision for terminating appellant's parental rights.

The third case appellant cites is *In the Interest of S.H.*, 548 S.W.2d 804 (Tex.Civ. App.—Amarillo 1977, no writ). The court reversed and remanded this case based on the petitioner's failure to state the essential facts which constitute a cause of action for termination as required by *Tex.Fam.Code Ann. Section 11.08(b)(10)* (Vernon Supp. 1982–1983). The only ground alleged in the petition was that termination would be "in the best interest of the children".

Since the cause was being remanded to the trial court, the appellate court considered the defendant's contention that the trial court erred in failing to file findings of facts and conclusions of law. Since none were filed, the appellate court examined the language of the trial court judgment:

"The Court finds that the natural parents of the child have:

1. Knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered the physical and emotional well-being of the children.

2. Engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical and emotional well-being of the children.

. . . ."

The appellate court concluded that "findings" Nos. 1 and 2 were each made in the alternative and thus were not positive findings that either one of the alternative occurred.

■ *In the Interest of S.H., supra* is also distinguishable from the instant case. Here we have explicit findings of fact whereby the trial court found appellant had engaged in a voluntary, deliberate and conscious course of conduct which endangered the well-being of her children. We believe this is a positive finding under *Section 15.02(1)(E)* and will support a judgment, which judgment though stated in the "alternative" merely tracks the statutory language contained in *Section 15.02(1)(E)*. We are further mindful of the fact that the appellant had a full and complete trial under *Section 15.02(1)(E)*, claimed no surprise, nor claimed any denial of trial or appellate rights.

In her third point of error, appellant contends there was insufficient evidence to support a termination of her parental rights.

■ We disagree. The record is replete with clear and convincing evidence of appellant's behavior and conduct which endangers the physical and emotional well-being of the children. *In the Interest of G.M.*, 596 S.W.2d 846 (Tex.1980). Appellant is currently in the Texas Department of Corrections for aggravated assault. Additional criminal misconduct is found when appellant assaulted her case worker, when appellant shot her ex-husband, when appellant was charged with assaulting a police officer and when appellant was charged with attempted murder.

Further, evidence showed that appellant suffered from a histrionic personality disorder and schizophrenia, has twice attempted suicide, and has been in and out of various mental health institutions since age fifteen.

All of these factors coupled with the evidence of the appellant's inability to care for her children supports the decision to terminate her parental rights.

All three points of error are overruled.

Finding no error, save and except the pleading variance referred to *supra*, the judgment of the trial court is modified to recite *Section 15.02(1)(E)* as the basis for termination, and said judgment, as modified, is

Affirmed.