## JUAN A____ and Patricia A____, Appellants,

v.

## DALLAS COUNTY CHILD WELFARE, Appellee.

No. 05–86–00025–CV.

Court of Appeals of Texas, Dallas.

Oct. 16, 1986.

Lana Johnson, J. Thomas Sullivan, Brenda J. Garrett, Carol Vaughan, Dallas, for appellants.

Ellen Abbott, Asst. Dist. Atty., Dallas, for appellee.

Before VANCE, STEWART and HOLLINGSWORTH, JJ.

STEWART, Justice.

The Texas Department of Human Resources (State) brought suit to involuntarily terminate the parent-child relationship between four-year old R____ A____ and his natural parents, Patricia and Juan A____. After a nonjury trial, the judge below entered a decree terminating Patricia's and Juan's parental rights, from which Patricia and Juan bring separate appeals. We address only Patricia's third and Juan's first point of error because we agree that the findings are insufficient to support the termination of the appellants' rights because they are in the alternative and are not specific findings as required by section 15.-02 of the Texas Family Code. Consequently, we abate this appeal so that specific findings may be prepared.

Patricia and Juan complain that the trial court's decree found that they had knowingly placed *or* knowingly allowed the child to remain in conditions or surroundings which endangered the physical and emotional well-being of the child, and that they had engaged in conduct *or* knowingly

placed the child with persons who engaged in conduct which endangered the physical or emotional well-being of the child. They contend that the decree makes no positive findings that allow them to know with certainty which facts the trial court found against them so that they can properly respond on appeal. We agree. Findings in the alternative are not positive findings that either of the alternatives occurred. *W____ H____ v. Moore,* 589 S.W.2d 830 (Tex.Civ.App.—Dallas 1979, no writ); *In re S____ H____,* 548 S.W.2d 804 (Tex.Civ.App.—Amarillo 1977, no writ).

The State contends that the above cases are distinguishable from this case where neither appellant requested findings of facts or conclusions of law. The Amarillo Court of Appeals has stated in dicta that "upon retrial and *upon proper request,* findings of fact and conclusions of law should be made in such a form as to allow the appealing party to know with certainty the facts the trial court found against it so as to properly present its case on appeal." *In re S____ H____,* 548 S.W.2d at 806 (emphasis added). In *In W____ H____ v. Moore,* the trial court had made conclusions of law (which this court considered findings of fact), but they, like the recitations in the decree, were also in the alternative. The State argues that these cases stand for the proposition that alternative findings in the decree are permissible if an appellant does not request findings of fact and conclusions of law pursuant to rules 296 and 297 of the Texas Rules of Civil Procedure. We disagree.

■ We recognize that, in a nonjury trial, the findings and conclusions are usually placed in a separate instrument filed after a formal request by a party; however, when they are incorporated into the judgment—even where no request has been made—they shall be treated as findings of fact and conclusions of law filed in accordance with rule 296. *Humble Exploration Co. v. Fairway Land Co.,* 641 S.W.2d 934 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). Thus, Patricia and Juan were entitled to rely on the recitations in the decree. Because the alternative findings in the decree prevent appellants from the proper presentation of this cause on appeal, we abate the appeal and direct the trial court to enter specific findings under section 15.02(1)(D) and (E) of the Texas Family Code, based on the evidence before it at trial, and to transmit these findings to this Court on or before November 10, 1986. TEX.R.APP.P. 81; *W____ H____ v. Moore,* 589 S.W.2d at 830; *A____ Y____ v. State,* 554 S.W.2d 805 (Tex.Civ.App.—San Antonio 1977, no writ).