**In the Interest of R.L.C., a Child.**

**No. 13-89-475-CV.**

Court of Appeals of Texas, Corpus Christi.

Nov. 29, 1990.

Thomas M. Goff, San Angelo, for appellant.

Rene Guerra, David R. Reyes, Edinburg, for appellee.

Yolanda Juardo, Edinburg, Guardian Ad Litem for child.

John Robert King, McAllen, for intervenor.

Before NYE, C.J., and SEERDEN and KEYS, JJ.

## OPINION

SEERDEN, Justice.

The trial court terminated appellant's parental rights after she executed a document titled AFFIDAVIT OF RELINQUISHMENT OF PARENTAL RIGHTS BY MOTHER WAIVER OF SERVICE OF CITATION AND CONSENT FOR ADOPTION. By a sole point of error, she contends that the trial court committed error by not inquiring into her mental capacity to sign the document, alleging it had notice of her mental disorders. We affirm the trial court's judgment.

The Texas Dept. of Human Services filed its original petition to terminate the parent-child relationship in August, 1988, alleging acts of abuse and neglect. On August 2, 1989, after a jury was selected, appellant's attorneys announced that they had reached a settlement, and had discussed the matters with appellant "all afternoon." They then tendered the affidavit relinquishing parental rights and an Affidavit of Status by which appellant swore to the child's paternity. Appellant's attorneys also asked the court to "take judicial notice of the extensive file and all the previous matters that have been had at the hearings that the Court has presided on." The trial court ordered parental rights terminated, reset the conservatorship portion of the case to the next day, and dismissed the jury.

■ Appellant contends that the trial court's appointment of an attorney for appellant shows that he knew of her mental incapacity, and that he erred in not inquiring into her mental capacity. We have found no order appointing a guardian ad litem for appellant, but have found an order appointing counsel (Ricardo Flores) because appellant was an indigent defendant. Her retained counsel (Theresa Galucci) participated in the August 2 relinquishment and appeared at the August 3 proceedings.

The burden is on the appellant to provide a sufficient record to show error requiring reversal. Tex.R.App.P. 50(d). We have found nothing in the record to show that *at the time of these proceedings*, appellant was mentally incapacitated. There is evidence in the record to show that appellant has suffered from schizophrenia at times. However, the trial court had the opportunity to observe her in the courtroom. Her two attorneys presented the affidavit, representing that they had discussed it with her. The record does not show that either of them called any problem to the trial court's attention. No error is shown.

■ Further, appellant's contentions are based on the assumption that the trial court had to base its judgment on the affidavit. No findings of fact or conclusions of law were requested or filed. Absent findings of fact and conclusions of law, appellant has the burden to show that the trial court's judgment was not supported by any legal theory the evidence raised. *Point Lookout West, Inc. v. Whorton*, 742 S.W.2d 277, 279 (Tex.1987); *Commercial Union Ins. Co. v. La Villa Indep. School Dist.*, 779 S.W.2d 102, 104 (Tex.App.—Corpus Christi 1989, no writ). Even though other reasoning is recited in the order, such recitations are not a substitute for separately filed findings and conclusions. *See C.G.V. v. Tex. Dept. of Human Resources*, 663 S.W.2d 871, 873 (Tex.App.—Beaumont 1983, no writ); *Jones v. Jones*, 641 S.W.2d 342, 344 (Tex.App.—Corpus Christi 1982, no writ).

Tex.Fam.Code Ann. § 15.02(1)(E) and (2) (Vernon Supp.1990) permits termination on findings that the parent has knowingly engaged in conduct which endangers the physical or emotional well-being of the child and that termination is in the best interests of the child. The standard of proof in an involuntary termination proceeding is clear and convincing evidence. *Garza v. Texas Dept. of Human Servs.*, 794 S.W.2d 521, 523 (Tex.App.—Corpus Christi 1990, no writ). There is no question of the sufficiency of the evidence to terminate parental rights.

The record includes social studies filed in May, 1988, and in September, 1988, which were clearly before the court. (They were also admitted without objection the next day.) R.L.C. was born in January, 1988. The studies report that appellant left him unattended in a car with the windows rolled up and the temperature in the high 80's and was arrested for endangering the child, who was returned to foster care.

The studies reveal that appellant gave birth to a daughter in 1983, that the daughter was in foster care most of her life, that appellant's possessions were brief, and that a termination of parent-child relationship proceeding had been set concerning this daughter. The studies also detail numerous occasions on which appellant was hospitalized or treated for mental illness, and several arrests.

The studies report poor parenting skills, and describe appellant as sometimes hostile and usually uncooperative with caseworkers and counsellors. Records indicated that appellant has a B.S. degree in nursing, but had been fired for poor job performance and was unemployed and in financial straits. Further, the study indicated that appellant continued to refuse home visits, had not discussed employment or any means of providing for R.L.C. if he were returned to her, and declined to discuss what needed to be done to have him returned.

This evidence is sufficient to support a finding by the trial court that appellant endangered R.L.C.'s physical safety when she left him in the car with the windows rolled up, as alleged in the petition, and that termination is in the best interest of the child. *See In Interest of C.D.*, 664 S.W.2d 851, 854 (Tex.App.—Fort Worth 1984, no writ); *C.G.V.*, 663 S.W.2d at 874. We overrule appellant's point of error.

We AFFIRM the trial court's order.