NO. 07-09-0019-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 19, 2009

_____

IN THE INTEREST OF C.H., T.H. AND S.H., CHILDREN

_____

FROM THE 395TH DISTRICT COURT OF WILLIAMSON COUNTY;

NO. 07-1763-F395; HON. MICHAEL JERGINS, PRESIDING

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ORDER ABATING APPEAL**

This is an accelerated appeal from an order terminating the parental rights of both parents to their three children. Both parents timely filed statements of points and notices of appeal. The clerk's record was filed on January 28, 2009, and the reporter's record was filed on February 26. Also on February 26, the mother of the children filed a motion requesting abatement of the appeal and remand to the trial court for entry of findings of fact and conclusions of law.

The mother informs us she timely filed a request for findings of fact and conclusions of law pursuant to Rule of Civil Procedure 296. *See* Tex. R. Civ. P. 296. She also informs us she timely filed a notice of past due findings of fact and conclusions of law pursuant to Rule 297. *See* Tex. R. Civ. P. 297. The clerk's record supports the mother's statements. The trial court did not file findings or conclusions, and the mother now argues the appeal should be abated and remanded for entry of findings of fact and conclusions of law.

The termination order recites the trial court found four grounds for termination of the mother's parental rights, and found termination was in the best interest of the children. *See* Tex. Fam. Code Ann. § 161.001 (Vernon 2008) (listing grounds for involuntary termination). Two of the grounds are those described in §§ 161.001(1)(D) and 161.001(1)(E). The termination order contains statements that the trial court found by clear and convincing evidence that the mother "knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger the physical or emotional well-being of the children" and that she "engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children[.]" In support of her motion to abate, the mother cites *Juan A__ v. Dallas County Child Welfare*, 733 S.W.2d 559 (Tex.Civ.App.–Dallas 1986, no writ); *W__ H__ v. Moore*, 589 S.W.2d 830 (Tex.Civ.App.–Dallas 1979, no writ), and our opinion in *In re S__ H__*, 548 S.W.2d 804 (Tex.Civ.App.–Amarillo 1977, no writ), for the proposition that findings under subsections (D) and (E) of § 161.001(1)[1] worded in the alternative are

---

[1] In all the cited cases, the former termination statute, § 15.02 of the Family Code, applied.

improper because they do not state which of the alternatives occurred. *See, e.g., In re S__ H__*, 548 S.W.2d at 806 (stating a finding the parents engaged in endangering conduct or knowingly placed the children with persons who engaged in such conduct is not a finding that either occurred). By its use of such alternative wording, the mother asserts, the trial court's order does not state the facts on which the trial court relied to support its termination order.

It is not clear to us that *In re S__ H__*, *Juan A__*, and *W__ H__* reflect current requirements concerning the findings necessary to support an order terminating parental rights. *See Cervantes-Peterson v. Texas Dep't of Family & Protective Services,* 221 S.W.3d 244, 252 (Tex.App.–Houston [1ˢᵗ Dist.] 2006, no pet.) (distinguishing findings required by rules of civil procedure and those required by Family Code § 161.206); *In re M.M.M.,* 229 S.W.3d 821, 823 (Tex.App.–Fort Worth 2007, no pet.) (best interest finding)*; In re A.I.G.,* 135 S.W.3d 687, 694 (Tex.App.–San Antonio 2003, no pet.); *cf. Texas Dep't of Human Servs. v. E.B.,* 802 S.W.2d 647, 649 (Tex. 1990) (for jury charge purposes, controlling question was whether parent-child relationship should be terminated).

Nevertheless, we will grant the mother's motion here, for two reasons. First, appellee, the Texas Department of Family and Protective Services, has filed a response stating it does not oppose the motion. Second, this case was transferred to us from the Austin Court of Appeals District. A panel of the Austin court, as recently as 1998, cited *Juan A__* and *In re S__ H__* in support of a statement that an endangering conduct finding was "improperly phrased in the alternative." *Baetz v. Texas Dep't of Protective and*

*Regulatory Servs.*, No. 03-97-00222-CV, 1998 WL 849394 *1 n.2 (Tex.App.–Austin Dec.10, 1998, no pet.). *See* Tex. R. App. P. 41.3.

Accordingly, we abate the appeal and remand the cause to the 395th District Court of Williamson County, Texas. We direct the judge of the trial court to execute findings of fact and conclusions of law. Because the appeal is accelerated, we also direct the judge to file the findings and conclusions with the trial court clerk on or before April 8, 2009, and further direct the trial court clerk to prepare and file a supplemental clerk's record, containing the findings and conclusions, with the clerk of this Court immediately on their filing with the trial court clerk. On the filing with this Court of the supplemental clerk's record containing the findings and conclusions, the appeal will be reinstated.

It is so ordered.

Per Curiam