533 S.W.2d 139 (1976)
In the Matter of T---- R---- W----, a child.
No. 18806.
Court of Civil Appeals of Texas, Dallas.
January 29, 1976.
*140 Charles M. Wilson, III, Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, for appellant.
Henry Wade, Dist. Atty., Maridell Templeton, Asst. Dist. Atty., Dallas, for appellee.
GUITTARD, Justice.
This is an appeal from an order committing the appellant, a fourteen-year-old boy, to the custody of the Texas Youth Council. Appellant appeals only from the commitment order and not from the associated order adjudicating him a child engaged in delinquent conduct. We reverse and remand with instructions.
Appellant attacks the commitment order on the ground that it does not specifically state the reasons for this disposition as required by Tex. Family Code Ann. § 54.04(f) (Vernon 1975), which provides:
The court shall state specifically in the order its reasons for the disposition and shall furnish a copy of the order to the child. If the child is placed on probation, the terms of probation shall be written in the order. [Emphasis added.]
Appellant also challenges the sufficiency of the evidence to support the commitment. We agree that the order fails to state specifically the reasons for the disposition. In the absence of a statement of the reasons, we cannot properly pass on the sufficiency of the evidence.
The trial court held separate, successive adjudication and disposition hearings as required by §§ 54.03 and 54.04 of the Family Code, and then entered a combination order stating the results of both. The adjudication portion of the order recites a finding that appellant had engaged in delinquent conduct in that he had committed the offense of theft of property on two occasions. The disposition portion of the order provides:
On the 15th day of August, 1975, all parties being present, the court reconvened for the disposition hearing, and after hearing the testimony finds that for the protection of the public and to rehabilitate said child the following order is entered:
IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the court that the said [T____ R____ W____] be, and hereby is, found to be a child engaged in delinquent conduct and is committed to the Texas Youth Council of the State of Texas.
Appellee says that the reasons for commitment are supplied by reading the combined order as a whole. Appellee points to the recitation in the adjudication portion of the order that the child had committed two offenses of theft of property and the recitation of the need for protection of the public and rehabilitation of the child as *141 reasons sufficient to comply with § 54.04(f). We cannot agree. The recitation of the offenses is required by § 54.03(h), which provides that the adjudication order shall "state which of the allegations of the petition were found to be established by the evidence." This statement of the offenses in an order of adjudication, even though combined in the same document with the order of disposition, does not constitute a specific statement of the reasons for disposition as required by § 54.04(f) without a specific recitation of the offense as a reason for disposition, or some other indication that the trial court so intended. We need not decide whether the nature of the conduct for which the child is adjudged delinquent at the adjudication hearing may be a sufficient reason for a particular disposition at the disposition hearing, if specifically so recited in the disposition order.
Likewise, the recitation of a need for protection of the public and for rehabilitation of the child is required by Tex. Family Code Ann. § 54.04(c), which provides that the court shall dismiss the child and enter a final judgment without any disposition "unless the court finds that the child is in need of rehabilitation or that the protection of the public or the child requires that disposition be made." We are not persuaded that this general recitation in statutory language is a specific statement of reasons for the disposition, as required by § 54.04(f). We conclude, rather, that if a disposition of the child is required for the protection of the public or to rehabilitate the child, then subdivision (f) requires the court to state its reasons for selecting one of the dispositions authorized by § 54.04(d), which provides:
If the court makes the finding specified in Subsection (c) of this section, it may:
(1) place the child on probation on such reasonable and lawful terms as the court may determine for a period not to exceed one year, subject to extensions not to exceed one year each:
(A) in his own home or in the custody of a relative or other fit person;
(B) in a suitable foster home; or
(C) in a suitable public or private institution or agency, except the Texas Youth Council; or
(2) if the court or jury found at the conclusion of the adjudication hearing that the child engaged in delinquent conduct, the court may commit the child to the Texas Youth Council.
The present order fails to state why the court decided to commit appellant to the Texas Youth Council rather than to impose some type of probation. Specification of the reasons for the disposition in an order and furnishing a copy to the child, as subdivision (f) requires, provide assurance that the child and his family will be advised of the reasons for commitment and will be in a position to challenge those reasons on appeal. The appellate court may then review the reasons recited and determine whether they are supported by the evidence and whether they are sufficient to justify the particular disposition ordered. Without a specific statement of the reasons for disposition, a reviewing court is left to rely on assumptions in judging the trial court's action.
This construction of § 54.04(f) is supported in principle by In re J.R.C., 522 S.W.2d 579, 583 (Tex.Civ.App.  Texarkana 1975, writ ref'd n. r. e.) which construed similar language in § 54.02(h) of the Family Code. That section provides that in certain cases a juvenile court may waive its jurisdiction and transfer a child to the district court for criminal prosecution if certain facts are found to exist, and it further provides that if the court waives jurisdiction, "it shall state specifically in the order its reasons for waiver." In reversing an order which failed to specify reasons, the appellate court noted that "reasons" are distinguishable from "findings" and said that by requiring a specification of "reasons" the legislature "meant that the Juvenile Court must set out the rationale of its order, and that is, the rational basis of the court's conclusion or motive that constrained *142 entry of the order waiving jurisdiction." We conclude that a similar interpretation should be given to the almost identical language in § 54.04(f).
Appellant also complains that the judge erred in committing appellant to the custody of the Texas Youth Council because a foster home was available. Appellant contends that the commitment is an abuse of discretion and is supported by no evidence, or, in the alternative, by insufficient evidence. Because of the lack of a specific statement of the reasons for disposition, we are unable to pass on these points.
Since the disposition order must be reversed, we must determine whether the order may be corrected or whether a new disposition hearing is required. We conclude that since § 54.04(a) precludes the right to a jury trial, and since the trial court has already heard the evidence, no new hearing is required unless the trial court should decide that further evidence would be helpful in making a proper disposition. Consequently, we reverse the order of disposition and remand the disposition matter to the trial court with instructions to enter a proper order in accordance with this opinion. We leave to the trial court's discretion whether further evidence will be heard or a new disposition hearing required. The court may also decide whether to make the same or a different disposition. Regardless of whether the court decides to hear additional evidence, it is instructed to enter an order stating specifically the reasons for the disposition, and this order will be subject to further appeal and review by this court. The order adjudicating appellant a delinquent is not disturbed.
Reversed and remanded with instructions.