571 S.W.2d 556 (1978)
J. L. E., a minor, Appellant,
v.
The STATE of Texas, Appellee.
No. 1865.
Court of Civil Appeals of Texas, Houston (14th Dist.).
September 13, 1978.
Wesley Hall, College Station, for appellant.
Sarah Ryan, Bryan, for appellee.
J. CURTISS BROWN, Chief Justice.
This is an appeal from a judgment determining that the appellant was a child who had engaged in delinquent conduct and committing him to the care, custody, and control of the Texas Youth Council.
J. L. E. (appellant) and four other youths broke into the Sanitation Department of the City of Bryan after hours on June 29, 1977 and operated some of the Department's motor vehicles. On October 25, 1977, the County Court at Law of Brazos County, sitting as a juvenile court, determined that the appellant was a child who had engaged in delinquent conduct. A disposition hearing was held on December 20, 1977. At that hearing, the court found that the appellant was in need of rehabilitation and that his best interest would be served by committing him to the care, custody, and control of the Texas Youth Council for the following reasons:
On or about the 29th day of June, 1977, in Brazos County, Texas, said child did then and there knowingly and intentionally damage and destroy motor vehicles without the effective consent of Jack Cornish, the owner, said damage and destruction amounting to a pecuniary loss exceeding $5.00. Participation in this offense resulted in damages in excess of $3,000 to property of the City of Bryan.[1]
In his limited appeal from that order of commitment, the appellant has assigned three points of error.
The appellant argues, in his first point, that the order of commitment is invalid because it did not comply with the requirements of section 54.04(f) of the Texas Family Code. That section of the Code provides that if a juvenile court finds that a child is in need of rehabilitation and makes a disposition *557 of him, "[t]he court shall state specifically in the order its reasons for the disposition and shall furnish a copy of the order to the child." Tex.Family Code Ann. § 54.04(f) (1975) (emphasis added). The appellant asserts, in support of his first point, that the trial court did not state specifically in the disposition order its reasons for committing him to the care, custody, and control of the Texas Youth Council. We agree with the appellant that section 54.04(f) requires more than a statement of the details of the delinquent conduct that he engaged in.
The purpose of requiring such a recitation of reasons in a disposition order was explained by Justice Guittard in Matter of T. R. W., 533 S.W.2d 139 (Tex.Civ.App. Dallas 1976, no writ):
Specification of the reasons for the disposition in an order and furnishing a copy to the child, as subdivision (f) requires, provide assurance that the child and his family will be advised of the reasons for commitment and will be in a position to challenge those reasons on appeal. The appellate court may then review the reasons recited and determine whether they are supported by the evidence and whether they are sufficient to justify the particular disposition ordered. Without a specific statement of the reasons for disposition, a reviewing court is left to rely on assumptions in judging the trial court's action.
533 S.W.2d at 141. See also, Matter of N. S. D., 555 S.W.2d 807. (Tex.Civ.App. El Paso 1977, no writ history); and, A. Y. v. State, 554 S.W.2d 805 (Tex.Civ.App.San Antonio 1977, no writ history).
In this case, the recitation contained in the disposition order does not explain why, of the five youths who caused the property damage to the Sanitation Department's motor vehicles, only the appellant was committed to the care, custody, and control of the Texas Youth Council. The appellant's first point of error is sustained. Specificity in the order would have allowed appellate review of the trial court's disposition; however, the lack of specificity here precludes such review. For this reason, we are unable to consider appellant's second and third points, and we express no opinion thereon.
The appellant's first point of error having been sustained, the order of disposition is hereby reversed and remanded. The order adjudicating the appellant a delinquent is not disturbed.
The disposition order is reversed and remanded.
NOTES
[1] The italicized sentence was handwritten.