**In the Matter of E.L.C., a Juvenile, Appellant.**

No. 04-82-00508-CV.

Court of Appeals of Texas, San Antonio.

June 22, 1983.

Byron Barnett, San Antonio, for appellant.

Bill White, Dist. Atty., Linda C. Anderson, Peter Sakai, Asst. Dist. Attys., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and TIJERINA, JJ.

OPINION

BUTTS, Justice.

This is an appeal from a juvenile court adjudication of delinquent conduct. In a bench trial the court found the juvenile guilty of the offense of attempted rape. The court subsequently committed him to the custody of Texas Youth Council.

Charged by petition with four offenses, the juvenile pled "true" to one of the charges, attempted theft, while the State dismissed two of the other charges, leaving for trial the offense of attempted rape. The juvenile advances two points of error on appeal, basing them on denial of his due process right to a fair trial. We do not agree with his contentions and affirm the judgment.

Before the adjudication hearing the juvenile filed his motion for a mental examination by a court-appointed psychiatrist, asking that the psychiatrist evaluate the child according to Tex.Fam.Code Ann. § 55.05 (Vernon 1975), to determine his responsibility for delinquent conduct as a result of mental disease or defect. The report failed to include this evaluation but did conclude that E.L.C. was presently competent to stand trial, § 55.04.

■ The juvenile first argues the trial court should have conducted a separate hearing to determine his responsibility at the time of the offense and the refusal denied him his due process right to a fair trial "and/or his rights contained in Section 55 of the Texas Family Code." The adjudication hearing, whether before the court or jury, is the proper forum to determine the juvenile's responsibility for his conduct as provided in § 55.05. *T.P.S. v. State,* 620 S.W.2d 728, 729 (Tex.Civ.App.—Dallas 1981, no writ); *R.K.A. v. State,* 553 S.W.2d 781, 782 (Tex.Civ.App.—Fort Worth 1977, no writ). We find nothing in the section mandating a separate hearing. As a matter of established criminal law in this state, when the defense of insanity at the time of the offense, Tex.Penal Code Ann. § 8.01 (Vernon 1974), is raised, the evidence of that defense must be presented *during the trial* for a possible determination by the factfinder of "not guilty by reason of insanity." Section 55.05(c) provides that the issue of whether the child is not responsible for his conduct as a result of mental disease or defect shall be tried to the court or jury *in the adjudication hearing.* We overrule the first point of error.

The juvenile next argues the failure of the trial court to order a psychiatric examination to determine his sanity at the time of the offense denied him a fair trial because the defense was deprived of the means to meet its burden of proof, thus rendering counsel ineffective.

Section 55.05(d) provides that mental disease or defect must be proved by a preponderance of the evidence. This places the burden of proof upon the juvenile to establish the affirmative defense by a preponderance of the evidence. Of course, the proof may not be restricted by the court to psychiatric testimony and reports; to place such a restriction upon the juvenile's defense of mental disease or defect at the time of the offense would surely be error. As in criminal cases generally, often the most compelling proof of this defense comes from family members, neighbors, friends, teachers, and sometimes even the victim of the crime. It is not uncommon for a jury to reject the State's evidence in the form of psychiatric testimony and reports when lay persons have testified concerning the erratic, strange, and abnormal behavior of the defendant at the time, or in close proximity to the time of the offense.

In the present case the defense did not offer any lay testimony regarding E.L.C.'s mental state at the time of the offense. The complaining witness testified to the events surrounding the offense; E.L.C. did not testify. The record contains also the plea proceedings of the offense of attempted theft, that offense occurring a few months before the instant event. No defensive issue of mental disease or defect as to that offense was raised and the juvenile made the necessary admission and waivers to support the plea. (*See* § 51.09.) The mother of E.L.C. did not testify in the instant case, although she was present. The arresting officer, also a witness, was not questioned as to unusual behavior indicating mental disease or defect at the time. Section 55.05(b) provides:

If it appears to the juvenile court, on suggestion of a party or on the court's own notice, that a child alleged to have

engaged in delinquent conduct may not be responsible as a result of mental disease or defect, the court shall order appropriate medical and psychiatric inquiry to assist in determining whether the child is responsible.

In this case the juvenile, by motion, clearly requested that kind of examination. However, the ensuing order of the trial court simply stated that he "be examined by a competent psychiatrist." The State and county psychiatrist, who was appointed by the court, limited his examination and evaluation to ascertaining present sanity to stand trial. Before trial on the merits, the court conducted a hearing at which only that psychiatrist testified. He stated that he examined juveniles in his practice to determine responsibility in this manner:

> First, does he have mental illness or defect. [S]econd ... was he able at the time to form the intent and [Third] was he able to adhere to what is considered ... the law at that time.
>
> \*      \*      \*      \*      \*      \*
>
> The only part I can answer [in this case] is the matter of mental illness and defect ... [Prior evaluations by others and his own] suggest at no time has he been mentally ill or had a mental defect.
>
> \*      \*      \*      \*      \*      \*
>
> If he has no mental disease or defect normally we do not get into the second or third part. He has no mental disease or defect.
>
> \*      \*      \*      \*      \*      \*
>
> There is no evidence from him or from the previous evaluation to suggest he had any mental disease *at that time.* (Emphasis added.)
>
> \*      \*      \*      \*      \*      \*

At the close of the testimony the trial judge declared, "I am convinced there is no mental illness." Defense counsel then moved that another psychiatrist be appointed to pursue the question of responsibility at the time of the offense. The court denied the motion, and the adjudication hearing began.

 We deem the pretrial hearing as one to determine under § 55.05(b) whether a psychiatric examination to determine responsibility at the time of the offense was required. The trial court decided it was not warranted. We hold the court did not commit error by refusing to appoint another psychiatrist for that purpose under the circumstances.

Moreover, the pretrial ruling did not preclude the presentation of any available defensive evidence on this issue *during the adjudication hearing.* After the trial the court found, as required, that no mental illness or defect existed at the time of the offense which would negate responsibility. The action of the trial court did not deprive the juvenile of a fair trial nor render the counsel ineffective as a result. We overrule the second point of error.

We add, however, that the general order of the juvenile court for a psychiatric examination is disapproved by this court. A specific order will eliminate future problems of this nature.

The judgment is affirmed.