In re J.R. 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00727-CV







In the Matter of J.R.








FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT


NO. C-94-0056-J, HONORABLE DICK ALCALA, JUDGE PRESIDING







PER CURIAM



 J.R., a juvenile, appeals the trial court's order placing him on probation in the
custody of his parents. The court's disposition order followed its order adjudicating J.R.
delinquent. In the order of adjudication, the trial court found that J.R. violated section 22.01 of
the Texas Penal Code, causing bodily injury to Hector Garcia by hitting and kicking him in the
face and ribs with his fists and feet. Tex. Fam. Code Ann. § 51.03(a) (West Supp. 1995); see
Tex. Pen. Code Ann. § 22.01 (West 1994). J.R. attacks the disposition order by two points of
error. We will affirm the trial court's order.

 Among the conditions of probation, the trial court ordered J.R. to pay $4,000.00
to the medical providers of the victim. J.R. asserts in his first point of error that the trial court
erroneously admitted in evidence statements of the victim's medical expenses without hearing any
testimony on the reasonableness of the charges for his treatment.

 The trial court admitted in evidence statements of account from Angelo Community
Hospital, West Texas Medical Associates, and Oral Surgery Associates of San Angelo showing
amounts due for treating the injuries to Hector Garcia's jaw from the assault. The charges on
these statements totalled $6,442.80. Witnesses testified that $1,240.03 of that total had been
reimbursed from the crime victims' compensation fund. See Crime Victims' Compensation Act,
Tex. Code Crim. Proc. Ann. arts. 56.31--.61 (West Supp. 1995).

 J.R. argues that the trial court could not order restitution without proof that the
amount ordered was reasonable. (1) In making this argument, J.R. likens restitution to the damages
awarded a plaintiff in a civil case. If a juvenile court finds that a child has engaged in delinquent
conduct in which property damage or personal injury occurred, the court can order the child or
a parent "to make full or partial restitution to the victim of the offense." Tex. Fam. Code Ann.
§ 54.041(b) (West 1986). The court must limit the amount of restitution ordered to the actual
damages the victim has incurred. Id. In authorizing the court to order restitution, however, the
legislature did not define that term. Restitution is generally defined as an equitable remedy under
which a person is restored to his or her original position before the loss or injury; act of restoring;
restoration of anything to its rightful owner; the act of making good or giving equivalent for any
loss, damage, or injury; and indemnification. Black's Law Dictionary 1313 (6th ed. 1990).

 The concept of restitution is found in both the civil and criminal law. A civil
litigant, for instance, can obtain restitution by an action in quantum meruit; such a litigant can also
sue for restitution as a remedy, alternative to damages, for breach of an express contract. 
Explorers Motor Home Corp. v. Aldridge, 541 S.W.2d 851, 852-53 (Tex. Civ. App.--Beaumont
1976, writ ref'd n.r.e.); Coon v. Schoeneman, 476 S.W.2d 439, 441 (Tex. Civ. App.--Dallas
1972, writ ref'd n.r.e.). In the adult criminal justice system, the court that sentences a defendant
convicted of an offense can order the defendant to make restitution to any victim of the offense. 
Tex. Code Crim. Proc. Ann. art. 42.037 (West Supp. 1995). A sentencing court can also order
restitution as a condition of probation. Tex. Code Crim. Proc. Ann. art. 42.12(11)(b) (West
Supp. 1995). See also Tex. Code Crim. Proc. Ann. arts. 42.01(25), 42.031(1)(b)(3) (West Supp.
1995).

 Although juvenile delinquency proceedings are considered civil proceedings, they
are quasi-criminal in nature. C.E.J. v. State, 788 S.W.2d 849, 852 (Tex. App.--Dallas 1990, writ
denied); Smith v. Rankin, 661 S.W.2d 152, 153 (Tex. App.--Houston [1st Dist.] 1983, orig.
proceeding). One court has characterized juvenile proceedings as essentially criminal trials,
involving criminal issues on appeal. M.B. v. State, 894 S.W.2d 82, 85 (Tex. App.--El Paso 1995,
no writ). Aspects of juvenile proceedings governed by the rules of criminal proceedings include
the State's burden of proof, the right to trial by jury, the privilege against self-incrimination, the
right to trial and confrontation of witnesses, and confessions. In re M.A.G., 541 S.W.2d 899,
901 (Tex. Civ. App.--Corpus Christi 1976, writ ref'd n.r.e.). The juvenile is guaranteed the
constitutional rights an adult would have in a criminal proceeding because the juvenile delinquency
proceedings seek to deprive the juvenile of his liberty. C.E.J., 788 S.W.2d at 852; Smith, 661
S.W.2d at 153.

 Once a trial court determines that a juvenile has engaged in delinquent conduct, the
Family Code authorizes the court to order the juvenile to pay restitution as part of the disposition. 
Engaging in delinquent conduct can include the violation of a penal law, a previous court order,
or a law prohibiting driving while intoxicated. Tex. Fam. Code Ann. § 51.03(a), (b) (West Supp.
1995). The recipient of the restitution is the victim of the delinquent conduct. Tex. Fam. Code
Ann. § 54.041 (West 1986). The Family Code limits the amount of restitution ordered to the
victim's actual damages. Tex. Fam. Code Ann. § 54.041(b) (West 1986). 

 Because of the context in which the juvenile court can order restitution, we
determine that the rules of restitution in criminal cases should apply. In a criminal proceeding,
the amount of restitution is required to be "just," that is, supported by sufficient factual evidence
in the record that the expense was incurred. Thompson v. State, 557 S.W.2d 521, 525-26 (Tex.
Crim. App. 1977); Jones v. State, 713 S.W.2d 796, 797 (Tex. App.--Tyler 1986, no pet.). The
amount of expense incurred need not be supported by proof that it was reasonable. Davis v. State,
757 S.W.2d 386, 389 (Tex. App.--Dallas 1988, no pet.). 

 Similarly, we construe the term "actual damages" consistently with the approach
to restitution in criminal cases. The trial court therefore correctly admitted the statements of
expense actually incurred for Garcia's medical care without proof that the amounts charged were
reasonable. Based on this conclusion, we need not address J.R.'s claim that the trial court should
have required an affidavit on reasonableness to be filed thirty days before the testimony as to
expenses. See Tex. Civ. Prac. & Rem. Code Ann. § 18.001 (West 1986 & Supp. 1995). We
overrule point one.

 In his second point of error, J.R. claims that the trial court erred in refusing to
make findings of fact and conclusions of law that were separate from the findings the court recited
in the disposition order. J.R. timely requested findings of fact and timely notified the court that
findings were past due under Texas Rules of Civil Procedure 296 and 297. By signed, written
order, the trial court refused to make separate findings. 

 The Family Code requires the court to "state specifically in the order its reasons
for the disposition." Tex. Fam. Code Ann. § 54.04(f) (West 1986). The trial court stated in its
disposition order that the best interests of both J.R. and society would be served by granting
probation based on the court summary and testimony of the county juvenile probation officer. 
J.R. does not complain that the finding stated in the order is insufficiently specific.

 Specifying in the order the reason for the disposition assures that the child will be
advised of the reasons for the disposition and will be in a position to challenge those reasons on
appeal. In re T.R.W., 533 S.W.2d 139, 141 (Tex. Civ. App.--Dallas 1976, no writ). The
appellate court may then review the reasons recited and determine whether they are supported by
the evidence and whether they are sufficient to justify the disposition ordered. In re L.G., 728
S.W.2d 939, 944-45 (Tex. App.--Austin 1987, writ ref'd n.r.e.); T.R.W., 533 S.W.2d at 141. 
This rationale parallels the function served by findings of fact under Texas Rule of Civil
Procedure 296.

 The requirement of section 54.04(f) that reasons be stated in the disposition order
stands in contrast to the requirement in section 54.02(h), governing the juvenile court's waiver
of jurisdiction and transfer of the child to district court. Tex. Fam. Code Ann. § 54.02(h) (West
Supp. 1995). In the latter instance, the court must state specifically in the order its reasons for
waiver and certify its action, including the written order and findings of the court. Id. Because
"reasons" are distinguishable from "findings," section 54.02(h) has been interpreted as imposing
a mandatory duty on the juvenile court to file findings separately from the order containing the
court's reasons. In re J.R.C., 522 S.W.2d 579, 583-84 (Tex. Civ. App.--Texarkana 1975, writ
ref'd n.r.e.). Section 54.05(f) does not require the court to state both reasons and findings.

 Because the Family Code has provided its own means for notifying the juvenile of
the factors underlying the court's disposition, we perceive no reason to require the court to file
separate findings. Cf. GTE Communications Sys. Corp. v. Curry, 819 S.W.2d 652, 654 (Tex.
App.--San Antonio 1991, orig. proceeding) (requirement that court state in order its findings of
good cause to impose sanction under Rule of Civil Procedure 13 is in lieu of traditional findings
and conclusions). In addition, the juvenile court possesses broad discretion to determine a suitable
disposition of a child adjudicated delinquent. In re R.W., 694 S.W.2d 578, 580 (Tex.
App.--Corpus Christi 1985, no writ). Under a discretionary statute, findings of fact and
conclusions of law are neither appropriate nor required. J.R.W. v. State, 879 S.W.2d 254, 257
(Tex. App.--Dallas 1994, no writ).

 Assuming, however, that the trial court was required to make separate findings,
J.R. could not have been harmed. Tex. R. App. P. 81(b)(1). Harm occurs under Rule 81 if the
error probably prevented an appellant from properly presenting his case to the appellate court. 
An appellant is harmed by the court's refusal to file findings if he would have to guess the reason
the court ruled against him. In re O.L., 834 S.W.2d 415, 418 (Tex. App.--Corpus Christi 1992,
no writ). In this case, the basis for the court's disposition of probation and the amount of
restitution ordered are clear from the record. We therefore overrule point two.

 We affirm the order of the trial court.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: September 27, 1995

Publish
1. J.R. objected to the lack of testimony on reasonableness only as to the statements from West
Texas Medical Associates and Oral Surgery Associates of San Angelo.



statements of
expense actually incurred for Garcia's medical care without proof that the amounts charged were
reasonable. Based on this conclusion, we need not address J.R.'s claim that the trial court should
have required an affidavit on reasonableness to be filed thirty days before the testimony as to
expenses. See Tex. Civ. Prac. & Rem. Code Ann. § 18.001 (West 1986 & Supp. 1995). We
overrule point one.

 In his second point of error, J.R. claims that the trial court erred in refusing to
make findings of fact and conclusions of law that were separate from the findings the court recited
in the disposition order. J.R. timely requested findings of fact and timely notified the court that
findings were past due under Texas Rules of Civil Procedure 296 and 297. By signed, written
order, the trial court refused to make separate findings. 

 The Family Code requires the court to "state specifically in the order its reasons
for the disposition." Tex. Fam. Code Ann. § 54.04(f) (West 1986). The trial court stated in its
disposition order that the best interests of both J.R. and society would be served by granting
probation based on the court summary and testimony of the county juvenile probation officer. 
J.R. does not complain that the finding stated in the order is insufficiently specific.

 Specifying in the order the reason for the disposition assures that the child will be
advised of the reasons for the disposition and will be in a position to challenge those reasons on
appeal. In re T.R.W., 533 S.W.2d 139, 141 (Tex. Civ. App.--Dallas 1976, no writ). The
appellate court may then review the reasons recited and determine whether they are supported by
the evidence and whether they are sufficient to justify the disposition ordered. In re L.G., 728
S.W.2d 939, 944-45 (Tex. App.--Austin 1987, writ ref'd n.r.e.); T.R.W., 533 S.W.2d at 141. 
This rationale parallels the function served by findings of fact under Texas Rule of Civil
Procedure 296.

 The requirement of section 54.04(f) that reasons be stated in the disposition order
stands in contrast to the requirement in section 54.02(h), governing the ju