NO. 07-09-0270-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 18, 2009
______________________________

GRETA JANE CRUMPLER AKA GRETA JANE SHARP, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 58,255-A; HONORABLE HAL MINER, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ON MOTION TO DISMISS
          Appellant, Greta Jane Crumpler, a.k.a. Greta Jane Sharp, filed Notice of Appeal to
appeal a judgment convicting her of felony driving while intoxicated entered against her in
the 47th District Court of Potter County, Texas. However, appellant has now filed a motion
to dismiss the appeal.
          Because the motion meets the requirements of Texas Rule of Appellate Procedure
42.2(a) and this Court has not delivered its decision prior to receiving it, the motion is
hereby granted and the appeal is dismissed. Having dismissed the appeal at appellant’s
request, no motion for rehearing will be entertained and our mandate will issue.
 
                                                                           Mackey K. Hancock

                                                                                    Justice



Do not publish. 




dException Locked="false" Priority="73" Name="Colorful Grid"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-08-0345-CV

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL B

 

FEBRUARY 2, 2010

______________________________

 

IN THE MATTER OF A.
W. B., A CHILD

_________________________________

 

FROM THE 64TH
DISTRICT COURT OF HALE COUNTY;

 

NO. A 2322-0709;
HONORABLE ROBERT W. KINKAID, JR., JUDGE

_______________________________

 

 

Before
QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

OPINION

            Appellant, A.W.B., appeals an Order
of Adjudication that found that he had engaged in delinquent conduct and an
Order of Disposition that ordered that he be committed to the Texas Youth
Commission for an indeterminate period not to exceed his 19th
birthday.  We affirm the adjudication
order in part, vacate the adjudication order in part, and affirm the
disposition order.

Background

            On September 10, 2007, Jane Doe, a
four year old, was taken by her grandmother, Gwen, to gymnastics class at
Ready, Set, Go, in Plainview, Texas.  Gwen left Jane Doe with A.W.B., a 16 year
old, because Gwen thought that A.W.B. worked for Ready, Set, Go and Jane Doe
appeared to know A.W.B.  As Gwen returned
to her car, she noticed A.W.B. and Jane Doe walking up a stairway that did not
lead to Jane Does classroom.  Gwen
followed the two to an upstairs room and, upon entering the room,
Gwen saw Jane Doe standing in front of A.W.B. with her face near A.W.B.s
crotch.  A.W.B. noticed Gwen, jumped, and
pulled up his pants.  Gwen confronted
A.W.B.s mother, who worked for Ready, Set, Go, regarding what she had seen and
then immediately took Jane Doe to her mother, Audra.  When Gwen arrived, Audra heard Jane Doe
screaming and crying, so she ran over to the vehicle to see what was wrong.  Audra attempted to console Jane Doe and,
eventually, she asked Jane Doe what had happened.  Jane Doe told her that A.W.B. put his
private in her mouth.  Following this
report, Audra called the police about the incident.

            As part of the police investigation
of the report, A.W.B. gave a statement. 
In this statement, A.W.B. admitted that he pulled his pants down and
showed Jane Doe his front.  However,
A.W.B. claimed that he never put a hand on her at all.  This statement was admitted into evidence
during the subsequent adjudication hearing.

            The State filed a Petition alleging
that A.W.B. had engaged in delinquent conduct. 
By this petition, the State alleged that A.W.B. had (1) committed
aggravated sexual assault of a child by intentionally or knowingly causing the
penetration of Jane Does mouth by A.W.B.s sexual organ, (2) committed
attempted aggravated sexual assault on Jane Doe, (3) caused Jane Doe to touch
A.W.B.s genitals, and (4) intentionally and knowingly exposed his genitals to
Jane Doe.  All four of these allegations
relate to the single incident occurring on September 10, 2007.

            Prior to the adjudication hearing,
A.W.B.s counsel filed a motion for psychological evaluation of A.W.B.  The motion requested a psychological
examination pursuant to section 51.20 of the Texas Family Code because A.W.B.s
counsel believed that A.W.B. has or may have significant limitations in his
ability to form the requisite intent to commit the alleged delinquent conduct .
. . alleged by the State.  See Tex. Fam. Code Ann. § 51.20 (Vernon
2008).[1]  This motion was granted by the trial
court and Dr. Richard Wall was appointed to conduct a psychological examination
of A.W.B.  Dr. Wall performed this
evaluation on October 1, 2007.

            During the adjudication hearing,
Gwen testified regarding what she observed at Ready, Set, Go
on September 10, 2007.  Over A.W.B.s
hearsay objection, Audra testified that Jane Doe told her that A.W.B. had put
his private in her mouth.  Dr. Wall also
testified regarding his examination of A.W.B. 
However, the trial court sustained the States relevancy objection to
the report Dr. Wall prepared in conjunction with his psychological examination
of A.W.B.  At the close of the
adjudication hearing, the trial court found each of the States four
allegations true and proceeded to disposition. 
At the close of the disposition hearing, the trial court ordered A.W.B.
committed to the Texas Youth Commission for an indeterminate period not to
exceed A.W.B.s 19th birthday. 
A.W.B. timely filed notice of appeal of both the adjudication and
disposition.

            By his appeal, A.W.B. presents four
issues.  By his first issue, A.W.B.
contends that the trial court abused its discretion by hearing outcry witness
testimony without following the procedures of article 38.072 of the Texas Code
of Criminal Procedure.  See Tex. Code Crim. Proc. Ann. art. 38.072
(Vernon Supp. 2009).  By his
second issue, A.W.B. contends that the trial court abused its discretion by
failing to conduct a hearing regarding A.W.B.s lack of responsibility for his
conduct due to mental illness or mental retardation.  By his third issue, A.W.B. contends that the
evidence is legally and factually insufficient to justify commitment of A.W.B.
to the Texas Youth Commission.  By his
fourth issue, A.W.B. contends that the trial courts sentence is an
unconstitutional violation of double jeopardy. 
We will address A.W.B.s issues in logical rather than sequential order.

Double Jeopardy

            Because our analysis of A.W.B.s
fourth issue will narrow the focus of the appeal, we will address it
first.  As indicated above, the State
alleged that A.W.B. had engaged in delinquent conduct by committing four
offenses, all arising from the same September 10, 2007, incident.

            The Double Jeopardy Clause of the
Fifth Amendment protects a defendant in a criminal proceeding against both successive
punishments and successive prosecutions for the same offense.  United States v. Dixon,
509 U.S. 688, 695-96, 113 S.Ct. 2849, 125 L.Ed.2d 556
(1993).  Greater inclusive and
lesser included offenses can be the same offense for jeopardy purposes.  Brown v. Ohio, 432
U.S. 161, 169, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).  Thus, where the evidence shows that a
defendant committed only one act, but that act could be used to prove both
greater inclusive and lesser included offenses, the defendant cannot be convicted
of more than one of these offenses.  Ochoa v. State, 982 S.W.2d 904, 908 (Tex.Crim.App.
1998).  

            It is clear from the facts of this
case that each of the alleged offenses arose from the same incident.  Further, some of the offenses alleged are greater
inclusive or lesser included offenses of others.  When a defendant is subjected to multiple
punishments for the same conduct, the remedy is to affirm the conviction for
the most serious offense and vacate the other convictions.  Bigon v. State, 252 S.W.3d 360, 372-73 (Tex.Crim.App.
2008); Ochoa, 982 S.W.2d at 908. 


            Thus, we will constrain our review
of A.W.B.s remaining issues to how they impact the trial courts finding that
A.W.B. committed aggravated sexual assault of a child by penetration, the most
serious offense alleged.  See Tex. Penal Code Ann. § 22.021(a)(1)(B)(ii) (Vernon Supp. 2009).  Because we will affirm the adjudication of
this most serious offense, we will vacate the adjudication of the offenses
found in counts two, three, and four of the States petition.[2]

Outcry Testimony

            By his first issue, A.W.B. contends
that the trial court abused its discretion by allowing Audra to testify as to
Jane Does outcry statement without the State satisfying the requirements of
section 54.031 of the Texas Family Code. 
See § 54.031.  A.W.B.s
argument focuses on the trial courts failure to hold a hearing on whether the
outcry testimony of Audra met the statutory requisites.  

            An appellate court reviews a trial
courts decision to admit or exclude evidence under an abuse of discretion
standard.  E.I. du
Pont de Nemours & Co. v. Robinson, 923 S.W.2d 549, 558 (Tex. 1995); In
re J.A.C., No. 14-02-00806-CV, 2005 Tex.App.
LEXIS 4519, at *2 (Tex.App.Houston
[14th Dist.] June 14, 2005, pet. denied) (memo. op.). 
A trial court abuses its discretion if it acts without reference to any
guiding rules or principles.  Robinson,
923 S.W.2d at 558; In re J.A.C., 2005 Tex.App. LEXIS 4519, at *3.  We must uphold the trial courts decision so
long as it falls within the zone of reasonable disagreement.  Wheeler v. State, 67
S.W.3d 879, 888 (Tex.Crim.App. 2002); In re J.A.C.,
2005 Tex.App. LEXIS 4519, at
*3.  A trial courts ruling in
admitting or excluding evidence must be sustained if reasonably supported by
the record and correct on any theory of law applicable to the case.  Willover v. State, 70 S.W.3d 841, 845 (Tex.Crim.App.
2002); In re J.A.C., 2005 Tex.App. LEXIS 4519, at *3.

            In the present case, Audras
testimony regarding what Jane Doe told her was admissible as an excited
utterance and, as such, any failure to meet the statutory requisites for an
outcry statement is not error.  It is clear
that Audras testimony of what Jane Doe told her is hearsay.  See Tex.
R. Evid. 801(d).  However, Rule 803 provides a number of
exceptions to the general rule that hearsay is not admissible.  An excited utterance is not excluded by the
hearsay rule, regardless of the declarants
availability, and is defined as A statement relating to a startling event or
condition made while the declarant was under the
stress of excitement caused by the event or condition.  Tex.
R. Evid. 803(2).  To meet this exception, the statement must
(1) be the product of a startling occurrence that produces a state of nervous
excitement in the declarant that renders the
statement spontaneous and unreflecting, (2) have been made at a time when the
state of excitement still so dominates the mind of the declarant
that there is no time or opportunity to contrive or misrepresent, and (3)
relate to the circumstances of the occurrence preceding it.  See Sellers v. State, 588 S.W.2d 915, 918 (Tex.Crim.App.
1979).  The reviewing court should not
examine each requirement independently, but should rather focus on whether the
combined effect shows the statement to be sufficiently reliable.  Id. 

            In
the present case, the evidence establishes that Jane Doe began to cry
uncontrollably immediately after Gwen witnessed the encounter between Jane Doe
and A.W.B.  The time elapsed between when
Gwen witnessed the encounter and Jane Doe made the declaration that A.W.B. put
his private in her mouth was approximately 10 minutes and, throughout this period,
Jane Doe cried.  Further, while Audra
asked Jane Doe what was wrong, the declaration was not the result of
questioning and was a spontaneous declaration regarding the occurrence that
caused the emotional state Jane Doe was in at a time that Jane Doe was still in
that emotional state.  From these facts,
we cannot say that the trial court abused its discretion in admitting Audras
testimony relating Jane Does declaration.

            We overrule A.W.B.s first issue.

Mental Illness or Mental Retardation

            By his second issue, A.W.B. contends
that the trial court abused its discretion by failing to conduct a hearing to
determine whether A.W.B. was responsible for his conduct due to mental illness
or mental retardation.  Whether a
juvenile is not responsible for the juveniles conduct as a result of mental
illness or mental retardation shall be tried to the
court or jury during the adjudication hearing. 
§ 55.51(c).  Within this issue,
A.W.B. contends that the trial court failed to make the determination regarding
A.W.B.s responsibility and failed to admit and consider all of the relevant
evidence on whether A.W.B. was responsible for his actions.

            Section 55.51(d) of the Texas Family
Code provides that a juveniles lack of responsibility for conduct as a result
of mental illness or mental retardation must be proven by a preponderance of
the evidence.  §
55.51(d).  Such a claim is a
defense that must be proven by the juvenile. 
See In re E.L.C., 656 S.W.2d 149, 150 (Tex.App.San Antonio 1983, writ refd
n.r.e.). 
As addressed above, we will review the trial courts decision to admit
or exclude evidence for abuse of discretion. 
Robinson, 923 S.W.2d at 558; In re J.A.C.,
2005 Tex.App. LEXIS 4519, at *2-*3.


            Initially, we note that the trial
court is not required to hold a separate hearing to determine whether A.W.B.
was responsible for his actions.  See § 55.51(b) (defensive theory must be
tried in the adjudication hearing); In re E.L.C., 656 S.W.2d at 150
(separate hearing not mandated).  Thus,
to the extent that A.W.B. claims that the trial court erred in failing to hold
a separate hearing on A.W.B.s responsibility, we overrule the issue.

            Moreover, we cannot conclude that
the trial court failed to make a determination regarding whether A.W.B. was not
responsible for his conduct as a result of mental illness or mental
retardation.  The trial courts
adjudication of A.W.B.s guilt constitutes an implied rejection of the
defensive theory.  See Adelman
v. State, 828 S.W.2d 418, 422 (Tex.Crim.App.
1992).  Thus, the trial courts
adjudication that A.W.B. engaged in the delinquent conduct alleged by the State
is an implied rejection of A.W.B.s defense that he lacked responsibility due
to a mental illness or mental retardation.

            Thus, by A.W.B.s second issue, we
are left with a challenge to the trial courts decision to exclude the report
of Dr. Walls psychological examination of A.W.B.  When A.W.B. offered Dr. Walls report for
admission into evidence, the State objected on the basis that the report was
ordered under a statute that allows for only a general psychological evaluation
and, as such, it was not relevant to any issue before the trial court in the
adjudication hearing.  A.W.B. responded
that Dr. Walls report addresses whether A.W.B. was capable of forming the intent
that is an element of two of the offenses alleged by the State and, therefore,
it is relevant defensive evidence.  The
trial court sustained the States objection to the report.  After the trial court excluded Dr. Walls
report, Dr. Wall began to testify regarding Aspergers
Disorder, which is a condition that Dr. Wall diagnosed A.W.B. to have.  During his testimony, the State again
objected to the relevancy of the testimony. 
Following the States objection, the trial court asked A.W.B.s counsel
if this testimony was being offered as an insanity defense.  Counsel stated that, in effect, it was.  The trial court asked counsel if notice had
been given of an insanity defense.  Counsel
said no.  The trial court then sustained
the objection.  

            Initially, we note that section
55.51 does not require that a respondent give notice of intent to assert the
defense of lack of responsibility due to mental illness or mental
retardation.  See § 55.51.  Furthermore, our review of Dr. Walls report,
which was admitted into evidence during the disposition hearing, leads us to
conclude that the report was relevant to the issues before the trial court
during adjudication and that there was no valid basis for exclusion of the
evidence.  Therefore, we conclude that
the trial court abused its discretion in sustaining the States objection to
the report. 

            As to the States objection to Dr.
Walls testimony, however, at the time that the trial court sustained the
objection, Dr. Wall was testifying regarding studies done on chimpanzees as a
means to explain Aspergers Disorder to the
court.  After reviewing this testimony,
we conclude that the States relevancy objection was well taken.  Further, at no point during Dr. Walls
testimony was Dr. Wall asked if A.W.B. had a mental illness or mental
retardation that would prevent him from being responsible for his actions.  The most that can be taken from Dr. Walls
testimony is that A.W.B. suffers from Aspergers
Disorder and that this condition limits A.W.B.s ability to understand abstract
subtleties.  Further, no offer of proof
was requested to allow Dr. Wall to articulate his opinion regarding whether
A.W.B. was not responsible for his actions due to mental illness or mental
retardation.

            While we have concluded that the
trial court abused its discretion in excluding Dr. Walls report from evidence
in the adjudication hearing, we must determine whether this error harmed
A.W.B.  For the trial courts error to be
reversible, we must determine that the error probably caused the rendition of
an improper judgment or probably prevented A.W.B. from properly presenting the
case to this Court.  See Tex. R. App. P. 44.1(a).  Dr. Walls report states that, The
problematic incident which currently brings [A.W.B.] to the courts attention
does not reflect any integrated attempt to gain any sexual gratification.  It was simply an un-integrated piece of
behavior with no goal.  Taking this
statement as true, it fails to establish the requisites for the mental illness
or mental retardation defense found in section 55.51.  Nothing in the report identifies Aspergers Disorder as a mental illness that would meet the
statutory definition.  Additionally,
while the report states that A.W.B. did not act with the intent to gain sexual
gratification, the report falls short of concluding that A.W.B. was not
responsible for his actions.  Evidence
was presented that A.W.B. was aware that what he was doing was wrong.  Audra testified that A.W.B. told Jane Doe
that if she told anyone about the incident that she would get in trouble.  Further, when A.W.B. noticed Gwen, he
jumped and pulled up his pants.  While
A.W.B.s inability to form the requisite intent to satisfy his sexual desires
is relevant to the proof of a couple of the offenses alleged by the State, it
is not, of itself, sufficient to vitiate A.W.B.s responsibility for committing
the offense of aggravated sexual assault of a child, which does not require a
specific intent to arose or gratify sexual desire.  Even accepting Dr. Walls erroneously
excluded report to be true, it is insufficient to establish the statutory
defense found in section 55.51, it did not present a defense to aggravated
sexual assault of a child, and sufficient evidence exists in the record to
establish that A.W.B. was aware that his actions were wrong and, therefore,
that he was responsible for those actions.

            For the foregoing reasons, we
overrule A.W.B.s second issue.  Because
A.W.B.s remaining issue addresses the trial courts disposition order, rather
than the adjudication order, we affirm the trial courts adjudication that
A.W.B. engaged in delinquent conduct by committing aggravated sexual assault of
a child by penetration and vacate the trial courts adjudications that A.W.B.
committed attempted aggravated sexual assault, indecency with a child by sexual
contact, and indecency with a child.

Disposition Order

            Finally, by his third issue, A.W.B.
contends that the evidence was both legally and factually insufficient to
support the trial courts disposition committing A.W.B. to the Texas Youth
Commission for an indeterminate sentence. 


            A trial court has broad discretion
regarding the appropriate disposition in a juvenile case.  In re M.L.B., 184
S.W.3d 784, 785 (Tex.App.Amarillo 2006, no pet.).  A trial court abuses its discretion when it
acts arbitrarily or without regard to guiding rules and principles.  Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).  However, an abuse of discretion does not
occur merely because the reviewing court would have made a different decision
than the trial court.  Id.  

            In determining whether the evidence
is sufficient to support the disposition ordered, we apply a civil standard of
review.  In re
M.L.B., 184 S.W.3d at 786. 
When reviewing a legal sufficiency challenge, we review the entire
record for any probative evidence which, when viewed in its most favorable
light, supports the disposition.  Id.  We disregard all evidence and inferences to
the contrary.  Id.  If there is more than a scintilla of
probative evidence to support the finding, we must uphold the judgment.  Id. 
If we determine that the evidence is legally sufficient, we then review
all of the evidence in a neutral light and will set aside the judgment and
remand for a new trial only if the judgment is so against the great weight and
preponderance of the evidence as to be manifestly unjust.  In re A.S., 954
S.W.2d 855, 861 (Tex.App.El Paso 1997, no pet.).  

            Section 54.04(i)
provides that, if the trial court commits a juvenile to the Texas Youth Commission,
the court must include in its order its determination that:








(A) it is in the childs best interests to be placed outside the
childs home;

(B) reasonable efforts were made to prevent or eliminate the
need for the childs removal from the home and to make it possible for the
child to return to the childs home; and

(C) the child, in the childs home, cannot be provided the
quality of care and level of support and supervision that the child needs to
meet the conditions of probation.

 








§
54.04(i)(1).  In addition, the trial court is required to
state specifically in the order its reasons for the disposition . . . .  § 54.04(f). 
Specification of the reasons for disposition places the child and his
family in position to challenge those reasons on appeal and allows the
reviewing court to determine whether those reasons are supported by the
evidence and whether they are sufficient to justify the particular disposition
ordered.  In re K.T.,
107 S.W.3d 65, 68 (Tex.App.San Antonio 2003, no
pet.) (citing In re T.R.W., 533
S.W.2d 139, 141 (Tex.Civ.App.Dallas 1976, no writ), overruled
on other grounds, In re K.K.H., 612 S.W.2d 657 (Tex.Civ.App.Dallas
1981, no writ)).  While the findings
mandated by section 54.04(i) are essential
prerequisites to an order committing a juvenile to the Texas Youth Commission,
even if the evidence to support these findings are scant, evidence supporting
the trial courts reasons under section 54.04(f) may justify an order of
commitment.  See id. at
68-69.

            In the present case, the trial court
found,








reasonable efforts have been
made to prevent or eliminate the need of [A.W.B.] to be removed from his home
and to make it possible for [A.W.B.] to return to his home.  The Court finds that the best interest of
[A.W.B.] and the community will be served by placing [A.W.B.] outside his home
and committing [A.W.B.] to the care, custody and control of the TEXAS YOUTH
COMMISSION.








The
trial court then identified its specific reasons for the disposition:








- The seriousness of
the offense(s) requires [A.W.B.] be placed in a restrictive environment to
protect the public.

- [A.W.B.] has a
history of aggressive behavior.

- [A.W.B.] has a
history of persistent delinquent behavior.

- Local resources of
the Court are inadequate to properly rehabilitate [A.W.B.]








            Initially, we note that A.W.B. does
not challenge the sufficiency of the evidence in support of the findings
required under section 54.04(c).  These
findings must be made in order for any disposition under section 54.04 to be
made.  A.W.B. contends that there is
legally and factually insufficient evidence to support the findings of the
trial court under sections 54.04(i) and (f).  

            On the findings required by section
54.04(i), A.W.B. makes a strong case that the
preponderance of the evidence established that removal of A.W.B. from the home
would not be in his best interest, that reasonable efforts had been made to
prevent A.W.B.s removal from the home and that those efforts had been
successful, and that A.W.B. could be provided the quality of care and level of
support to meet the conditions of probation. 
However, to determine whether the trial courts commitment of A.W.B. to
the Texas Youth Commission was justified, we must focus our review on the
specific reasons articulated by the trial court in its disposition order.  See In re K.T., 107 S.W.3d at 68.

            After reviewing the evidence, we
agree with A.W.B. that there is no evidence to support the trial courts
findings that A.W.B. has a history of aggressive behavior and persistent
delinquent behavior.  The evidence established
that the juvenile probation office of Hale County had never received a referral
on A.W.B. for delinquent behavior.  The
social case history indicates that A.W.B. has had no behavioral problems at
school.  Further, there was no evidence
presented that A.W.B. had ever exhibited any sort of prior aggressive behavior
and there was no evidence presented of any specific examples of prior
delinquent behavior that might not have been known to A.W.B.s school or
referred to the juvenile probation office. 
Therefore, we conclude that the trial courts history of aggressive
behavior and persistent delinquent behavior reasons for its disposition are not
supported by legally sufficient evidence and we will reform the disposition
order to remove these reasons.

            Likewise, the evidence regarding
whether local resources were adequate to rehabilitate A.W.B. was that, other
than the restrictive environment, the applicable services available from the
Texas Youth Commission and the juvenile probation office would be the
same.  Therefore, since the restrictive
environment was specifically cited as a reason for commitment in the reason
that will be analyzed below, we conclude that the lack of local resources
reason for commitment does not justify A.W.B.s commitment to the Texas Youth
Commission.

            Thus, the issue that we must resolve
is whether the trial courts reasoning that the severity of the offense
requires that A.W.B. be placed in a restrictive environment to protect the
public, of itself, is sufficient to justify A.W.B.s
commitment to the Texas Youth Commission for an indefinite period.  We have previously affirmed the trial courts
adjudication that A.W.B. engaged in delinquent conduct by committing the
criminal offense of aggravated sexual assault of a child by penetration.  This offense is a first degree felony under
the penal law.  See Tex. Penal Code Ann. § 22.021(e).  If a trial court finds, at the conclusion of
an adjudication hearing, that a child has engaged in
delinquent conduct by committing an offense under the laws of Texas that is of
a grade of felony, the court may commit the child to the Texas Youth
Commission without a determinate sentence. 
See § 54.04(d)(2).  Thus, as the trial court did conclude that
A.W.B. had engaged in delinquent conduct that is a felony under the penal law
and as we have affirmed this adjudication, we cannot conclude that the trial
court abused its discretion by acting arbitrarily or without regard to guiding
rules and principles.  Downer, 701 S.W.2d at 241-42. 
We are constrained to conclude that the trial court did not abuse its
discretion in this case, even though this Court might have made a different
decision than the trial court.  Id.

            We overrule A.W.B.s third issue.

Conclusion

            For the foregoing reasons, we affirm
the trial courts adjudication that A.W.B. engaged in delinquent conduct by
committing aggravated sexual assault of a child by penetration and vacate the
trial courts adjudications that A.W.B. committed attempted aggravated sexual
assault, indecency with a child by sexual contact, and indecency with a
child.  We reform the trial courts
disposition order to remove the history of aggressive behavior and history of
persistent delinquent behavior reasons for disposition and, in all other
respects, affirm the trial courts disposition committing A.W.B. to the Texas
Youth Commission for an indeterminate period not to exceed his 19th
birthday.

 

                                                                                    Mackey
K. Hancock

                                                                                             Justice

 

 

 

 

 











[1] Further reference to provisions of the Texas Family Code
will be by reference to section ___ or § ___.





[2] The State agrees that, when double jeopardy principles
are applied to this case, the Court should reform the adjudication order to
delete the adjudications of true to the second, third, and fourth counts.