

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-22-00006-CV

---

IN THE MATTER OF C.S.G., JR., A JUVENILE

---

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 21JV0037-CCL

---

Before Morriss, C.J., Stevens and van Cleef, JJ.

ORDER

In this case involving a disposition order committing C.S.G., Jr., to the Texas Juvenile Justice Department for a period of ten years with a possible transfer to the Texas Department of Criminal Justice, both parties agree that the order failed to comply with the requirements of Section 54.04(f) of the Texas Family Code. The State has filed a motion asking this Court to abate the matter to the trial court to address that issue.

Section 54.04(f) states, "The court shall state specifically in the order its reasons for disposition and shall furnish a copy of the order to the child." TEX. FAM. CODE ANN. § 54.04(f). "Compliance with [this] requirement[] is mandatory, for such findings 'provide assurance that the child and his family will be advised of the reasons . . . and . . . be in a position to challenge those reasons on appeal." *In re J.M.*, 287 S.W.3d 481, 489 (Tex. App.—Texarkana 2009, no pet.) (quoting *J.L.E. v. State*, 571 S.W.2d 556, 557 (Tex. App.—Houston [14th Dist.] 1978, no writ)). "Therefore, merely reciting statutory language will not be sufficient to justify the juvenile court's ruling." *Id.* Nevertheless, "statutory language supplemented by additional findings is sufficient to meet the requirements of the Texas Family Code." *Id.*; *see In re W.A.M.P.*, No. 14-21-00105-CV, 2022 WL 2976876, at *3 (Tex. App.—Houston [14th Dist.] July 28, 2022, no pet. h.) (mem. op.) (reciting statutory language and supplementing with additional *specific* findings may be sufficient to meet requirements of Section 54.04(f)). "[T]he inclusion of the offense and its surrounding circumstances in an order consisting of mainly statutory language is sufficient." *Id.* at 490 (citing *In re J.T.H.*, 779 S.W.2d 954, 959 (Tex. App.—Austin 1989, no writ)).

The order here recites statutory language and does not describe or list the offense, other than to include a deadly weapon finding, as required by Section 54.04(g). *See* TEX. FAM. CODE ANN. § 54.04(g). Although the order ostensibly includes four additional findings, those findings are largely generic and lack the degree of specificity required by Section 54.04(f). *See* TEX. FAM. CODE ANN. § 54.04(f); *In re J.M.*, 287 S.W.3d at 488–89.

When a juvenile court fails to comply with the specificity requirements of Section 54.04(f), we abate the matter to the trial court with instructions for the court to render a proper disposition order specifically stating the reasons for the disposition. *In re J.M.*, 287 S.W.3d at 489 (citing *K.K.H. v. State*, 612 S.W.2d 657, 658 (Tex. App.—Dallas 1981, no writ)); *see* TEX. R. APP. P. 44.4.

Pursuant to Rule 44.4 of the Texas Rules of Appellate Procedure, we abate this matter to the juvenile court with instructions to render a modified disposition order that includes specific findings supporting the disposition. A supplemental record containing the modified disposition order should be filed in this court no later than August 24, 2022.

All appellate timetables are stayed pending return of this matter to the jurisdiction of this Court.

IT IS SO ORDERED.

BY THE COURT

Date:   August 10, 2022